IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH 1854.

## Clark *versus* Morrison.

Where there are nine devisees and legatees under a will, three of whom are contesting the will in an issue of *devisavit vel non*, they cannot give in evidence, on the trial of such issue, the declarations and admissions of three of the remaining six, to prove fraud or imposition practised by them upon the testator.

The interests of legatees and devisees under a will are not joint, but several; and hence the declarations of one cannot be given in evidence to affect or prejudice the others.

Since the Act of 1833, relating to last wills and testaments, no will in writing concerning real estate can be revoked by parol.

ERROR to the Common Pleas of *Washington county*.

This was a feigned issue directed by the Register's Court of Washington county to the Court of Common Pleas, to try the validity of a certain paper purporting to be the last will and testament of Robert Clark, deceased. Robert Clark, at the time of making the alleged will, was an aged and feeble man; he had three sons and five daughters, all of whom were married except his sons Andrew and David, who resided with their father. The will was drawn by Andrew, one of the sons, and retained, as was alleged, in his custody. The principal part of the property, both real and personal, was devised and bequeathed to David and Andrew, and they were named as executors in the will.

Andrew having declined the executorship, letters testamentary were issued to David, who was also the plaintiff in this issue; and three of the daughters, with their husbands, were the defendants. On the trial the defendants offered the following :—

(453)

[Clark *v.* Morrison.]

That Grier Campbell, the witness, resided in the immediate vicinity of the deceased, and that on the occasion of one of his visits to his (deceased's) house, Andrew, one of the sons of the deceased and a devisee under, and the person in whose hands the will of deceased was deposited, stated that his father had demanded his will for the purpose of destroying it, and that he had refused to give it to him.

To be followed up by evidence of his statement made on other occasions, that his father had afterwards demanded the will with the intention of destroying it; and that he had promised his father that he would destroy it, and that he had afterward informed his father that he had destroyed it, and that all these statements were made in the lifetime of the deceased.

Objected to on the ground that the declarations of the devisees and executor of the will are not competent to affect the interest of other parties to the will, and consequently cannot be admitted at all.

Objection sustained, and defendants except.

They then offered to prove the admissions of Andrew Clark, David Clark, and Jane Clark, widow of deceased, all devisees in the will, and the only persons residing with deceased, at and for some time before his decease, that the deceased had demanded his will with the intention of destroying it, and that Andrew Clark, the depository of the will, and a principal devisee under it, had promised to destroy it, and had afterwards informed the deceased that he had destroyed it, and that testator declared after he had heard this statement, that the law made the best will. And, by their admissions, that at this time he was an aged and feeble man, and confined to the house by bodily infirmity.

Objected to on the ground that the declarations of the devisees are not competent to affect the interest of the other parties to the will, and consequently not admissible.

Objection sustained, and defendants except.

They then offered to prove the declarations of the deceased shortly before his death, that the law made the best will; and that this declaration was made subsequently to the time that the deceased demanded his will, and Andrew had promised to destroy it, according to his admissions, as stated in the former offer—this offer to be taken and considered in connexion with the other offers rejected by the Court, for the purpose of proving fraud and revocation of the will.

Objected to on the ground that it would only be a parol revocation, and not competent to be proven by such evidence.

Objection sustained.

The errors assigned were to the rejection of the testimony contained in the several offers.

[Clark *v.* Morrison.]

*Acheson, Wilson,* and *Montgomery,* for plaintiffs in error.—
Admissions of a depository and legatee under the will, it is
submitted, stand upon a different footing from those declarations
which have been ruled in this state to be inadmissible. In New
York and Massachusetts the point has been decided in favour of
the admission of such testimony: 1 *Pick.* 192; 7 *Wend.* 125; 3
*Cowen* 612.

The rule as laid down by this Court is, that the admissions of
one legatee are not evidence, because they may prejudice the in-
terests of others: 6 *W. & Ser.* 431; 8 *Watts* 66; 13 *Ser. & R.*
323. Here the persons whose declarations were offered were the
principal; none of the others would have been prejudiced, but all
benefited: 8 *W. & Ser.* 275. Where testator tore the will, and
threw it into the fire, and another took it out, the will was held
revoked: 2 *W. Bl. Rep.* 1043. A case referred to 1 *Laws of
Pennsylvania* 41, a will supposed by the testator to be destroyed,
but retained by one of the devisees, was avoided.

————————————, for defendant in error.—The current of de-
cision in this state, with the exception of Dietrich *v.* Dietrich, 1
*Penn. Rep.* 306, has been constant and uniform against the ad-
mission of such evidence. In that case the Court were equally
divided, but, when the case came back again, the Court were
unanimous for its exclusion: 1 *Yeates* 390; 4 *Ser. & R.* 206;
*Id.* 499; 13 *Ser. & R.* 323; 4 *Watts* 167; 3 *Watts* 66; 6 *W.
& Ser.* 431. In the last case the distinction as to parties on the
record, and those not, was entirely swept away.

As to the parol revocation, it is equally well settled. The point
arose in Lewis *v.* Lewis, 2 *W. & Ser.* 455, which was a stronger
case than the evidence here offered, but the Court held there
was no revocation: *Act of 1833,* § 13; 3 *Lev.* 36; 33 *Eng. Com.
Law Rep.* 57; 1 *Jarm. on Wills* 126.

The opinion of the Court was delivered by

WOODWARD, J.—This was an issue to try the validity of the
will of Robert Clark, deceased. The executor is plaintiff, and
three legatees named in the will are defendants. According to the
allegation of the plaintiffs, gross fraud and imposition were prac-
tised on the testator by Andrew Clark, the principal devisee, but
the question raised by the two bills of exception first sealed, has
reference to the medium of proof resorted to by the defendants to
establish the fraud. On an issue of *devisavit vel non,* where there
are nine devisees and legatees under the will, may the three of them
who are contesting the will on the record give evidence of the
declarations and admissions of three of the remaining six devisees
to impeach the will? This is the precise question raised by the
two first errors assigned. There is no doubt the admissions of

[Clark *v.* Morrison.]

the three devisees would be evidence against themselves, if they were the only parties interested under the will; but Margaret and Jane, daughters of the testator, were each entitled to legacies of $200, and Eliza to a legacy of $5, and they are not parties to this issue. These daughters have a vested interest in their legacies; and although it may be true, as was asserted in the argument, that they would fare better if the will were set aside than if it were sustained, yet this does not appear from the record, and no grounds are furnished us for such a presumption. As the case is presented to us they do not question the will, but claim their legacies under it. Are their rights to be affected by the admissions and declarations of their mother and brothers? The general rule of law consonant with reason is, that one person is not to be prejudiced by the unauthorized declarations of another. The exceptions to the rule are found in those cases where there is a joint interest or privity of design between several. In such cases each is presumed to speak for the whole; but where there is neither joint interest nor combination, where each claims independently of the other, though under a common instrument, the words of one no more than his acts can bind the other. The interests of these devisees and legatees under the will are several and not joint; and hence the three who would impeach it were bound, on principle, to produce evidence that was competent as against all the rest. The evidence was not competent as to the three daughters named as legatees, and therefore was properly rejected. This conclusion is as clear on authority as on reason. The cases cited at bar, especially Bovard and Wife *v.* Walker, 4 *Ser. & R.* 499, Nussear *v.* Arnold, 13 *Ser. & R.* 328, and Hauberger *v.* Root, 6 *W. & Ser.* 434, are decisive against the plaintiffs in error, and divest the ruling below of all suspicion of error. I will not weaken the force of these cases by attempting to add to the reasoning on which they rest.

The offer in the third bill could operate only by way of revocation of the will, and for that purpose was wholly inadequate evidence. Since the enactment of the 13th section of our statute of wills of 1833, no will in writing concerning real estate can be repealed, nor any devise or direction therein altered except by a subsequent will or codicil, or by burning, cancelling, obliterating, or destroying the same by the testator himself, or by some one in his presence, by his express direction. The evidence offered did not come up to this statutory rule, and was therefore properly rejected. It was not aided by offering it in connexion with the evidence mentioned in the first two bills, for that, as we have seen, was forbidden by both reason and authority.

The judgment is affirmed.