# Lacock *versus* Commonwealth to use, etc.

1. A. brought suit against B. and C. respectively the principal and surety upon a bond. Both defendants were served and both appeared. B. subsequently died, whereupon his name was, on motion of A., stricken from the record and the suit continued as against C. alone. On the trial of the cause the plaintiff, under objection, testified to certain facts that had occurred prior to the death of B. *Held*, that it was error to admit this evidence. B. having been a party to and having had notice of the suit, a judgment recovered therein against C. would constitute conclusive evidence in a suit brought by C. against B.'s administrator on the implied contract of indemnity. Hence the suit was substantially against the estate of B., notwithstanding the striking off of his name from the record. The plaintiff was, therefore, B. being dead, an incompetent witness.

2. The fact that subsequently in the above case a deposition of B., taken after suit brought and before his death, was read in evidence by the defendant, did not affect the competency of the plaintiff as a witness.

[Lacock *v.* Commonwealth, to use.]

November 17th, 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Washington county:* Of October and November Term, 1881, No. 310.

Debt, by the Commonwealth of Pennsylvania, to the use of A. J. Riggle against Samuel L. Hughes and Oliver Lacock, upon the official bond of said Hughes, as administrator d. b. n. c. t. a. of Samuel Riggle, deceased, in which bond the said Lacock was surety.   Service was had upon both defendants, and both appeared by counsel.   After suit brought the defendant, Hughes, died, whereupon the court, on motion, amended the record by striking out the name of the deceased defendant, so that the action should proceed against defendant, Lacock, alone. ⠂

On the trial, before HART, P. J., the facts of the case appeared to be as follows : Samuel Riggle died in 1844, leaving a widow and five children, whereof the plaintiff in the present case was one.   By his will Riggle directed a certain farm, whereof he had died seised, to be sold after the death or remarriage of his wife, and the proceeds to be divided among his children.   He nominated one George Riggle as his executor. Said George Riggle afterwards died, whereupon letters of administration d. b. n. c. t. a., on the estate of Samuel Riggle, were granted to Samuel L. Hughes.   Hughes filed the official bond in suit.

On October 14th 1861 the widow of Samuel Riggle having remarried, Hughes obtained from the Orphans' Court an order authorizing him to sell the farm.   The sale was accordingly made, and on November 19th 1861, was confirmed by the court.

On June 17th 1863, Hughes filed his account as administrator, which was the same day confirmed.   Among his vouchers was a receipt in full for the proceeds of the farm, signed, or purporting to be signed, by all the children of the deceased, including the plaintiff.

Subsequently, on August 4th 1879, the plaintiff, averring that he had never received his distributive share of said proceeds, instituted this suit.

Plaintiff was offered as a witness on his own behalf to prove that his signature to the receipt for the proceeds of the farm was not genuine.   Offer objected to, on the ground that the witness was incompetent to testify.   Objection overruled, and evidence admitted ; exception.

Subsequently, in the course of the trial, the deposition of Hughes, taken after suit brought, and before his death, relative to the circumstances attending the signing of the receipt, was put in evidence by defendant.

[Lacock *v.* Commonwealth, to use.]

Verdict and judgment for the plaintiff, whereupon defendant took this writ of error, assigning for error the admission of the plaintiff's evidence.

*McCracken* (with whom were *McIlvaine* and *Gow*), for the plaintiff in error.—Had the suit, at time of trial, been against Lacock and the administrators of Hughes, the plaintiff would have been incompetent, beyond all question, as he would then have been excluded by both the spirit and letter of the law: Karns *v.* Tanner, 16 P. F. Smith 297; Hanna *v.* Wray, 27 P. F. Smith 27; Evans *v.* Reed, 28 P. F. Smith 415; Pratt *v.* Patterson, 31 P. F. Smith 114; Evans *v.* Reed, 3 Nor. 254; Brady *v.* Reed, 6 Nor. 111; Hess *v.* Gourley, 8 Nor. 195.

If, by striking the name of Hughes, who was principal on the bond on which the action was brought, from the record, and allowing the action to stand against the surety alone, the plaintiff is enabled to recover a judgment against him on testimony which would be inadmissible in an action against the estate of the deceased principal, or in an action in which the administrators of the principal were joined with the surety, then the law is evaded; and the estate of Samuel L. Hughes, deceased, is thus indirectly charged with what could not be recovered in a direct action; because, in an action by Lacock against the administrators of Hughes, upon the contract of indemnity which the law will imply as made the moment the surety's obligation is entered into (Ward *v.* Henry, 5 Conn. 595) the judgment recovered against him, would be evidence against them: Clark *v.* Carrington, 7 Cranch 322; Drummond *v.* Prestman, 12 Wheat. 516; Whart. on Ev. § 770; and conclusive evidence, if notice has been given to defend the action: Greenleaf on Ev. § 188; Biglow on Estoppel, 65; Duffield *v.* Scott, 3 Term R. 374; Lloyd *v.* Barr, 1 Jones 42; Hanna *v.* Wray, 27 P. F. Smith 27; Barr *v.* Greenawalt, 12 P. F. Smith 175.

It will not do to say that the plaintiff was a competent witness under the Act of 1869, because Hughes's deposition was taken and read in evidence. The plaintiff was not put on the stand to rebut or deny anything Hughes had testified to, but to make out his own case before it could be known whether the deposition would be read or not.

Even if the deposition of Samuel L. Hughes had been read in evidence before the plaintiff offered himself as a witness, he still would have been incompetent. The third section of the Act of April 15th 1869, authorizes the testimony of all witnesses made competent by that act to be taken " by deposition or commission issued as the case may require." If the plaintiff wished to perpetuate his own testimony, his only way was to follow the provisions of that act by having his deposition taken,

3 OUTERBRIDGE.—14

while all the parties were living, and there was a chance for cross-examination : Pratt *v.* Patterson, 31 P. F. Smith 114; Evans *v.* Reed, 3 Norris 254.

Defendant in error did not appear, and presented no paper book.

Mr. Justice PAXSON delivered the opinion of the court, January 3rd 1882.

This record presents the single question of the competency of the plaintiff below as a witness. The suit was an action of debt upon a bond given by Samuel L. Hughes, who was administrator of Samuel Riggle, deceased, and Oliver Lacock, who joined in the bond as surety of Hughes. The bond was conditioned for the proper application of the proceeds of certain real estate sold by the administrator in pursuance of an order of the Orphans' Court. Hughes, the administrator, was served and appeared by counsel. His deposition was subsequently taken, after which, and before the trial of the case, he died, and upon motion his name was stricken from the record, leaving the suit to stand against Lacock, the surety, alone. Upon the trial the plaintiff was admitted as a witness to prove that he had never received his distributive share of the estate, and that a receipt for such share purporting to be signed by him, was not in fact so signed, nor was it signed for him by any one with his authority.

It is very clear that if the death of Hughes had been suggested upon the record and his administrator substituted, the plaintiff would have been incompetent. It has been repeatedly held that if there be an executor or administrator properly upon the record at the time of trial, the competency of witnesses remains as before the passage of the Act of 1869 : Brady *v.* Reed, 6 Norris 111. Does the fact that the name of Hughes was stricken from the record make any essential difference ? The effect of this was, as before observed, to charge the surety alone. Yet the recovery here was a substantial recovery against the estate of Hughes. The judgment against the surety would be conclusive evidence in a suit by him against Hughes's administrator, for the reason that Hughes had notice. He was an original party and appeared by counsel. He would be liable upon the contract of indemnity which the law implies the moment the surety's obligation is entered into. A judgment recovered against a surety is always evidence in an action by him against his principal : Clark's Executors *v.* Carrington, 7 Cranch 308 : Drummond *v.* Prestman, 12 Wheaton 515 ; Wharton on Evidence, § 770 ; and it is conclusive evidence where notice has been given to defend the action : Lloyd *v.* Barr, 1

[Craighead *v.* McLoney.]

Jones 41; Hanna *v.* Wray, 27 P. F. Smith 27; Greenleaf on Evidence, § 188.

The fact that the deposition of Hughes was read in evidence by the defendant does not affect the competency of the plaintiff. The latter was examined before the deposition was offered. Besides, Hughes was a competent witness when his deposition was taken, and his subsequent death did not render his testimony taken before his death incompetent. This has been ruled in several recent cases. It is sufficient to refer to Evans *v.* Reed, 28 P. F. Smith 415, and 3 Norris 254.

We are of opinion that the plaintiff was incompetent to testify as to any matters which occurred prior to the death of Mr. Hughes. This sweeps away all of his evidence that is of any value, which, in view of the whole case, and of his laches in bringing this suit, is not much to be regretted.

Judgment reversed, and venire facias de novo awarded.