## Bell v. Bell.

*Wills—Probate—Parties—Executor as party.*

Where an executor has been named as a party in an issue *devisavit vel non* awarded by the register of wills, although he is not interested in the distribution of the estate, the Court of Common Pleas will not strike off his name as a party in the suit.

Rule upon Joseph W. Bell to show cause why his name should not be stricken from the record as party plaintiff. C. P. Schuylkill Co., Sept. T., 1921, No. 189.

*James J. Bell* and *John F. Whalen,* for rule.

*J. A. Welsh* and *M. M. Burke,* contra.

KOCH, J., Feb. 6, 1922.—This case concerns the validity of a writing, purporting to be the last will and testament of Margaret Bell, late of the Borough of Shenandoah, deceased. James J. Bell filed a *caveat* cautioning the Register not to probate said will. In due course, the question of its validity has come to our Court of Common Pleas. The testatrix, *inter alia*, provided in her will as follows: "I give and bequeath unto my son, Joseph W. Bell, the sum of Twenty-five hundred ($2500.00) dollars, to be paid to him by my hereinafter named executors as soon as may be conveniently done after my decease." She appoints her daughter, Mary M. Bell, and her son, Joseph W. Bell, as executors, but in a codicil to the will she revokes the bequest to her son, Joseph W. Bell, "in pursuance of his wish not to have any share in the distribution of my estate." The real basis for this rule, as set out in the petition, is: "That as such proponent of alleged testamentary papers under which he takes no estate, the said Joseph W. Bell has no interest in the issue and is not entitled to be a party plaintiff to said suit." In addition to that, the petition for the rule sets out that Joseph W. Bell is meddlesome and desires "to unduly increase and unnecessarily incur costs in these proceedings

Bell v. Bell.

by the bringing into court of a large number of unnecessary witnesses, as well as in other ways, for the sole and avowed purpose, as declared by him, of working great injury and damage to your petitioner," the said James J. Bell, the defendant in this case.

If Joseph W. Bell misbehaves himself as an executor, I know of no law that permits a Court of Common Pleas to discharge him as an executor, and if he unduly and illegally makes costs, the same may be taxed and he be made to personally pay the same. The will makes Mary M. Bell a devisee as well as executrix thereof.

After the Register had heard the witnesses to the will and the codicil, James J. Bell, the caveator, availing himself of his rights under the 17th section of "The Register of Wills Act," approved June 7, 1917, P. L. 415, requested the Register, in writing, to issue his precept to the Court of Common Pleas, directing an issue to be framed upon facts alleged by the said caveator, and thereupon the Register entered his precept in the manner and form provided in said section, therein commanding this court to cause an action to be entered upon our records between the said Mary M. Bell and Joseph W. Bell and the said James J. Bell, "so that an issue therein may be framed upon the merits of the controversy between the same parties and tried in due course," etc. Conformably to said act, the precept directed to this court says: "And, further, that you cause all other persons who may be interested in the estate of said Margaret Bell, as heirs, relators or next of kin, devisees, legatees or executors, to be warned so that they may come into our said court and become a party to the said cause, if they shall see cause." Executors seem, therefore, entitled to be made parties to an action by the very language of the act itself, and, in view of such right, it is not within our power to strike off the name of the executor as a party, particularly so when he has been made a party by the precept of the Register. The case that the Register certified to us for trial is between Mary M. Bell and Joseph W. Bell on the one side, and James J. Bell on the other side. Whilst Joseph W. Bell may have no interest in the estate of the testatrix, yet, as an executor, by virtue of her appointment in the will, he is "a person interested." As executor he is a trustee for creditors and legatees, and this confers such an interest as may be injuriously affected by a verdict of a jury. See King's Estate, 9 W. N. C. 207. It was the business of the Register's Court to award this issue and to name the parties to it, and we have no power to disturb it: Dotts v. Fetzer, 9 Pa. 88; Yardley v. Cuthbertson, 108 Pa. 395, 446. In the last case, however, the Supreme Court said, on page 447: "The law presumes sanity and freedom from undue influence as to all wills, and that presumption prevails until the contrary is alleged and proven. He who makes such allegations must prove them, and, therefore, the real burden of proof is on him. Strictly, therefore, he should be the plaintiff in the issue. As the executors, as such, have no interest in the estate to be distributed, they have no business in the issue and ought not to be parties to it. The parties actually interested in sustaining the will ought to be defendants in the issue." See, also, Stier's Estate, 4 Pa. C. C. Reps. 639. But on the same day that this rule was taken, this court, on the petition of James J. Bell, the defendant, made such an order "as to make Mary M. Bell and Joseph W. Bell the plaintiffs, and James J. Bell, the petitioner, the defendant." We shall, therefore, let the record stand as it has been made up, unless other persons interested may wish to become parties in accordance with their rights under the said "The Register of Wills Act."

And now, Feb. 6, 1922, the rule is discharged.