## McShain, Appellant, *v.* Indemnity Insurance Company of North America et al.

114

[blacked out]

Argued January 26, 1940. Before SCHAFFER, C. J., DREW, LINN, STERN and BARNES, JJ.

[blacked out]

*Edward J. Mingey,* for appellant.

*C. Donald Swartz,* of *Swartz, Campbell & Henry,* with him *Herbert A. Barton,* for appellee.

*Michael A. Foley,* for additional defendant, appellee.

OPINION BY MR. JUSTICE STERN, March 25, 1940:

John McShain, plaintiff, recovered a verdict against Indemnity Insurance Company of North America, defendant, in the sum of $78,182.61, and defendant recovered a verdict over against John F. McCarthy, additional defendant, in the same amount. The court in banc granted motions of defendant and additional defendant for a new trial. From this order plaintiff appeals.

The court below did not abuse its discretion in granting the new trial. On the contrary, to have refused would have been reversible error.

Plaintiff was the general contractor for the erection of the new Naval Hospital in Philadelphia. His contract with the United States government provided that

the wage rate for all laborers and mechanics employed by the contractor or any sub-contractor on the building should be not less than the rate prevailing in the locality for work of a similar nature; failure to observe this provision was to give the government the right to terminate the contract, take over the work, and hold the contractor liable for any excess cost thereby occasioned. Plaintiff sub-contracted the electrical work to additional defendant, the contract specifying that it was to be subject to the conditions governing the general contract. Additional defendant gave his bond to plaintiff with defendant as surety in the sum of $132,500, conditioned for the faithful performance of the sub-contract.

After the work had been in progress for some time, plaintiff claimed that additional defendant was violating the wage provision, and that, on the basis of the prevailing rate, there was a large unpaid balance of wages due additional defendant's workmen; accordingly, plaintiff notified him that the contract was cancelled. Plaintiff then took over and completed the work, and also discharged some unpaid obligations of additional defendant for material, and it was to recover his resulting loss that he brought the present suit against the Indemnity Insurance Company on the basis of its several liability as surety on the bond. Defendant by scire facias brought in McCarthy as additional defendant. The latter contended at the trial that he had paid the prevailing rate for non-union labor and was not obliged to employ union labor; moreover, that plaintiff knew the rate of wages being paid but impliedly waived objection thereto and thus precluded himself from suddenly thereafter terminating the contract on that ground. Considerable evidence was presented by the parties on both phases of this defense.

The court below granted the motions of defendant and additional defendant for a new trial because, although the trial judge had properly instructed the jury that under the Act of June 22, 1931, P. L. 663, they might

bring in a verdict in favor of plaintiff against both defendant and additional defendant, the verdict was inconsistently rendered in favor of plaintiff against the surety only and not against the principal, and, in the opinion of the court, this anomaly resulted from the fact that the trial judge had erroneously admitted in evidence certain letters from defendant to plaintiff, erroneously interpreted their import, and erroneously charged in regard to their possible effect upon the verdict.

It appears that when plaintiff gave notice to additional defendant of the cancellation of the contract between them, as to which additional defendant immediately protested, plaintiff also furnished notice of this action to defendant, and of his intention to complete the work if defendant did not elect to do so itself. Defendant did not challenge plaintiff's action, as additional defendant had done, but merely replied that it elected not to complete, and desired to coöperate with plaintiff in every way to bring about a satisfactory completion; at the same time it called plaintiff's attention to his obligation, in completing, to do so at a fair and reasonable cost. Subsequently plaintiff wrote several letters to defendant setting forth claims of additional defendant's mechanics and laborers to wages alleged to have been improperly withheld from them by additional defendant and asking defendant's approval of plaintiff's payment of these claims, to which, in each case, defendant replied that, if it should develop at a later date that plaintiff had a valid claim on the bond, defendant would raise no objection to the sum stated by plaintiff as an amount payable to the laborer or mechanic in question. In a final letter, defendant again stated to plaintiff its desire for coöperation to bring about a satisfactory completion of the work and repeated its reminder of his obligation to complete at a reasonable cost.

All of the letters constituting this correspondence were admitted in evidence, and in his charge to the jury the

learned trial judge referred to them in the following manner: "Now, while those letters aren't too clear, I construe them as an admission of liability by the Indemnity Company to McShain. They admit in those letters that they are liable to them. And that is evidence you must consider against the Indemnity Company, but not against McCarthy, because McCarthy didn't write the letters. . . . If that is just the little thing that turns the balance in your mind, in favor of the plaintiff, if you feel that because of that the plaintiff should recover, and if without that you would be quite divided in your mind as to whether or not he should . . . and if that is the only thing upon which you decide in his favor, then you couldn't decide in favor of[1] McCarthy; you would have to decide in favor of[1] the Indemnity Company only and not in favor of[1] McCarthy. However, that makes very little difference, because if you find a verdict for the plaintiff against the Indemnity Company, then you must, under the state of this case and the record and pleadings, find a verdict for the Indemnity Company against McCarthy for the same amount. . . . If you decide . . . in favor of the plaintiff . . . your verdict should be for him, and it should be against the two companies,[2] unless, as I say, you are swayed by that one little fact; and then if you are swayed by that one fact, it should be against the Indemnity Company alone, and then you have to find a separate verdict in favor of the Indemnity Company against McCarthy. It is just a difference in the form of the verdict."

Since the jury were instructed they might bring in a verdict against both defendant and additional defendant, but, if they were swayed *only* by the letters, they should find in favor of plaintiff against defendant and not against additional defendant, and since the jury did so

---

[1] The words "in favor of" are evidently an inadvertence for "against."

[2] By "the two companies" is evidently meant the Indemnity Company and McCarthy.

find, they evidently *were* swayed only by the letters and must have concluded that without them plaintiff did not establish his case, that is, did not prove a breach of contract by additional defendant. As there automatically followed, according to the trial judge's charge, a verdict over in favor of defendant against additional defendant, the result was that liability was imposed upon the latter merely because of letters which were not binding on him and were not received in evidence against him. Moreover, we have a situation where recovery was allowed by plaintiff against the surety but not against the principal, although it is axiomatic that the liability of a surety is not greater than that of a principal and that a judgment in favor of the principal upon the merits of the case can be asserted as a defense by the surety: *Rafferty v. Klein,* 256 Pa. 481, 486. Nor was the verdict in favor of defendant against additional defendant "just a difference in the form of the verdict," for this recovery over resulted, not from a finding by the jury that additional defendant was obliged to indemnify defendant because he had breached his contract, but simply because of the trial judge's instruction that there must be such a verdict over if one were rendered in favor of plaintiff against defendant even though so rendered only because of the letters.

The trial judge erred in construing the letters as an admission of liability. When all of them are considered together it is not clear, as the trial judge himself conceded, that they justify such a construction. Most of them conditioned their "admissions" upon its developing later that plaintiff had a valid claim on the bond, and even the letters which apparently acquiesced in plaintiff proceeding with the completion of the work are susceptible of the interpretation that such acquiescence was predicated upon a default having occurred as alleged by plaintiff, but not that such default was conceded to have occurred. Be this as it may, it was for the jury, not the court, to interpret these letters in the light of the oral

testimony and circumstances of the case, and it would be for them, not the court, to say to what extent, if at all, the letters were intended to admit, and could reasonably be understood as admitting, that the contract had been breached, with resulting liability of defendant on its bond: *Purcell v. Metropolitan Life Insurance Co.*, 332 Pa. 535, 540. Nor did the letters work an estoppel against defendant, since plaintiff had cancelled the contract with additional defendant before they were written, and he was obliged to complete the work in any event to save himself from loss.

The more serious error, however, committed by the trial judge was in admitting the letters into evidence at all, even as against defendant who wrote them. The situation is not unique where, as in the present case, a declaration by a party would be admissible against him but not against others—co-defendants with him or with interests similar to his own,—but where, if the declaration were received as evidence against the person making it, the necessary result would be to prejudice such others; under these circumstances there is abundant authority to the effect that the declaration should be excluded entirely so as to protect those whom its admission would harm, even though the party offering it is thus precluded from the exercise of a right he would have had if the proceeding were against the declarant alone: *Goodno v. Hotchkiss*, 237 Fed. 686, 696; *Windham v. Howell*, 78 S. C. 187, 194, 195, 59 S. E. 852, 854, 855; *Continental Insurance Co. v. Delpeuch*, 82 Pa. 225, 233; *Lacock v. Commonwealth*, 99 Pa. 207. See also *Dickinson College v. Church*, 1 W. & S. 462, 465. This principle of the law of evidence has been applied most frequently in issues of devisavit vel non where testimony is offered of declarations made by a devisee or legatee as to the mental capacity of the testator or as to undue influence having been practiced upon him. It has been held in a multitude of our cases that such declarations are not admissible because they cannot be received as

against the one making them without injuriously affecting the other legatees or devisees whose interests are similar to, but separate and distinct from, that of the declarant.[3] The procedure in the present case compels the determination in the one issue of the liability of both defendant and additional defendant, and therefore the law, in order to avoid injustice to the latter, must suspend in his favor the operation of the rule that ordinarily would permit plaintiff to offer the letters as against the former. This will make impossible the unfair result of liability being imposed indirectly upon additional defendant, by reason of the verdict over against him, only because of the admission in evidence of letters which could not have been introduced against him directly.

It follows from what has been said that the court below was right in granting a new trial. At a retrial, with the parties as now on the record, defendant's letters to plaintiff should not be received in evidence as admissions, express or implied, of liability on the part of defendant.

The order of the court below making absolute the rule for a new trial is affirmed.

---

[3] *Nussear v. Arnold,* 13 S. & R. 323, 328, 329; *Dietrich v. Dietrich,* 4 Watts 167; *Boyde v. Eby,* 8 Watts 66, 69, 70; *Hauberger v. Root,* 6 W. & S. 431; *Dotts v. Fetzer,* 9 Pa. 88; *Clark v. Morrison,* 25 Pa. 453; *Transue v. Brown,* 31 Pa. 92; *Irwin v. West,* 81½ Pa. 157; *Shaver v. McCarthy,* 110 Pa. 339, 348; *Yorke's Estate,* 185 Pa. 61, 67.