Adams et al., Appellants, *v.*
Mackleer.

246

Argued September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John V. Hasson*, with him *Timoney, Knox, Avrigian & Hasson*, for appellants.

*Charles Jay Bogdanoff*, with him *William L. Kinsley* and *Albert C. Gekoski*, for appellee.

OPINION BY PRICE, J., March 29, 1976:

Following a jury trial, judgment was entered in favor of defendant-appellee. Plaintiff-appellant Christopher Adams (appellant-son) and plaintiff-appellant Shirley Bamforth Adams (appellant-mother) bring this appeal, alleging eight trial errors. We agree that there was error, and will, therefore, grant a new trial.

The facts indicate that on August 8, 1969, at 11:30 p.m., appellant-son and appellee were involved in an accident. Appellant-son, then seventeen years old, was operating a borrowed bicycle in a southerly direction on Highland Avenue near Abington High School, Montgomery County, Pennsylvania. The appellee was driving an automobile in the opposite direction on Highland Avenue.

Appellee made a left-hand turn into a driveway which led to the Abington High School parking lot, and proceeded up the driveway. Appellee testified that he did not see appellant-son until he had driven sixty or eighty feet up the driveway. Appellee also stated that he did not come to a stop prior to making the turn and that he was traveling at a speed of five miles per hour.

Appellant-son testified that he did not see appellee's automobile until immediately before the accident, when he was blinded by the headlights. The impact threw appellant-son into the air, and his right hand went through the windshield of the car.

Appellants first contend that it was error to allow testimony concerning a note written by appellant-mother and sent to the owner of the bicycle stating that the headlamp did not function and that the brakes failed. They contend that while questions concerning the note were proper as to appellant-mother, they were so prejudical to appellant-son as to mandate total exclusion. This is indeed a difficult question.

The law in the Commonwealth has long been that admissions by a party are admissible as an exception to the hearsay exclusion. *Beardsley v. Weaver*, 402 Pa. 130, 166 A.2d 529 (1961). However, our courts have established an exception to the rule.

"The more serious error, however, committed by the trial judge was in admitting the letters into evidence at all, even as against defendant who wrote them. The situation is not unique where, as in the present case, a declaration by a party would be admissible against him but not against others — co-defendants with him or with interests similar to his own, —but where, if the declaration were received as evidence against the person making it, the necessary result would be to prejudice such others; under these circumstances there is abundant authority to the effect that the declaration should be excluded entirely so as to protect those whom its admission would harm, even though the party offering it is thus precluded from the exercise of a right he would have had if the proceeding were against the declarant alone: (citations omitted)." *McShain v. Indemnity Insurance Company of North America*, 338 Pa. 113, 119, 12 A.2d 59, 61-62 (1940). Appellants argue that the instant case is controlled by *McShain*.

We agree that *McShain, supra*, controls and that

questions concerning the note should not have been admitted. Appellant-mother stated that her son did not tell her that the headlight was inoperative, so this cannot be considered an admission by appellant-son. Further appellant-mother was not appellant-son's authorized agent in this matter and was not empowered to make admissions on behalf of appellant-son.

Appellants allege that the trial court erred in failing to charge the jury concerning left-hand turns. The judge refused all such charges after he personally determined that the accident occurred after appellee had made the turn and was proceeding up the driveway to the school. A review of the record does not necessarily support this determination.

Although appellant-son and appellee gave differing versions of the location of the accident, the evidence supplied by the impact marks near the right front wheel well would tend to support appellant-son's statement as to the actual site of the crash. In any event, this question and the relevance of instructions concerning left hand turns was for the jury's determination and resolution. The lower court judge should have instructed the jury that if they determined that the accident occurred during a left-hand turn, then the standard of care to be used in making such a turn must apply to appellee.

Appellants contend that the court should have commented on appellee's failure to retake the stand during the presentation of his case, after he had been called by appellants as on cross-examination. In support of this contention, appellants cite *Beers v. Muth*, 395 Pa. 624, 151 A.2d 465 (1959).

We do not agree that *Beers v. Muth, supra,* controls in the instant case. We will instead apply the rationale from *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 212 A.2d 440 (1965), a case which distinguishes *Beers v. Muth, supra. Evans, supra,* holds that where a party is called by the opposite side as on cross-examination and gives a complete account of the

events in question, that party need not retake the stand during his presentation, and he will not be subject to an adverse inference charge. In the case at bar, appellee was extensively questioned by opposing counsel and by his own attorney. He gave a complete statement and could have added nothing more if he had retaken the stand during the presentation of his case.

The trial court's refusal to charge on the assured clear distance rule[1] was also alleged as error. This rule provides that a driver of a motor vehicle on a public highway must be alert to have the vehicle under such control that it can be stopped within the distance the driver can see. *Koelle v. Philadelphia Electric Company*, 443 Pa. 35, 277 A.2d 350 (1971). At night time, this distance is the scope of the headlights. The trial judge refused the requested charge without comment or explanation.

This court has recently held that the assured clear distance rule is not applicable in situations, such as the one presently before us, wherein the vehicles are moving toward one another. *Turner v. Smith*, 237 Pa. Superior Ct. 161, 346 A.2d 806 (1975). The lower court properly refused to charge on the rule.

Appellants next challenge the lower court's charge on proximate cause and on the requirement for lighted headlights on bicycles. Much of the record is devoted to evidence as to whether or not appellant-son had a lighted headlamp on the bicycle at the time of the crash. The two points are interrelated and will be considered together.

Appellants requested that the lower court charge the jury that if appellant-son was traveling on the berm, then no lighted headlamp was necessary. This requested charge was refused and instead the trial judge charged that "Pennsylvania law requires that the operator of a bicycle at night must have a front lamp that is in working condition and in use at all times." The judge

---

1. Act of April 29, 1959, P.L. 58, §1002, *as amended* (75 P.S. §1002(a) ).

also charged that, "as a matter of law," they could find that appellant-son was guilty of contributory negligence if they found "that he did not have a lamp that could be seen for five hundred feet in advance or had no lamp whatsoever and that that contributed to the accident and was the proximate cause of the accident."

The law detailing requirements for headlamps on vehicles is found in 75 P.S. §801.[2] Section 801 (a) provides that "[e]very vehicle or tractor upon a highway ... shall be equipped with lighted lamps and illuminating devices." Section 801 (h) provides that "[e]very bicycle shall be equipped with a lighted lamp...." Our supreme court has determined that these two provisions must be read in conjunction and has held that a bicycle must be equipped with a headlamp only if it is being operated on the highway. *Masters v. Alexander*, 424 Pa. 65, 225 A.2d 905 (1967).

A general charge that appellant-son was required by law to have a lighted headlight was error. The jury should have first been instructed to determine if appellant-son was operating the bicycle on the berm or on the highway. Appellant-son testified that he was on the berm and appellee admits this in his brief. If the jury so found, then no lighted headlamp was required. If, however, the jury determined that appellant-son was on the highway, they would then reach the question of whether the headlight was lighted.

Even if the jury determines that appellant-son was operating the bicycle on the highway without a lighted headlight in violation of the statute, he is not automatically precluded from prevailing. Only if the jury determines that the absence of a light was a proximate cause of the accident will this finding prove fatal to appellants' cause of action. *Lane v. E. A. Mullen, Inc.*, 285 Pa. 161, 131 A. 718 (1926).

The case of *Masters v. Alexander, supra*, indicates that the lack of a headlight on a bicycle need not be the

---

2.  Act of April 29, 1959, P.L. 58, §801, *as amended* (75 P.S. §801).

proximate cause of an accident between an automobile and the bicycle. The court there noted that "[t]he illumination which was absent from the bicycle was supplied by the headlights of the defendant's car which lit up the bicycle in a glare that made the bicycle as conspicuously visible as an opera singer on a concert stage under a spotlight." 424 Pa. at 73, 225 A.2d at 910.[3] The lower court charge on proximate cause did not adequately explain the options available to the jury.

We find no merit to appellants' contention that the lower court erred in its charge to the jury on the issue of contributory negligence. To determine if the charge was erroneous, we must examine it in its entirety. *Brennan v. St. Luke's Hospital*, 446 Pa. 339, 285 A.2d 471 (1971). When we do so, the charge, as it relates to contributory negligence, is correct.

Finally, appellants contend that the lower court erred in excluding the testimony of appellants' witness, Virginia Plyler. Miss Plyler was a passenger in an automobile that passed appellant-son traveling in the same direction as appellee shortly before the accident occurred. Appellants made an offer of proof concerning this witness, indicating that she would testify that she saw appellant-son riding along the side of the road just prior to the accident. The lower court excluded the offered testimony stating that it was not relevant, as the question was not what she could see but what appellee could see.

Our courts have often permitted witnesses to testify as to the speed of a vehicle prior to an accident. *Fugagli v. Camasi*, 426 Pa. 1, 229 A.2d 735 (1967); *Finnerty v. Darby*, 391 Pa. 300, 138 A.2d 117 (1958); *Commonwealth v. Hartle*, 200 Pa. Superior Ct. 318, 188 A.2d 798 (1963).

---

3. The evidence in *Masters v. Alexander*, 424 Pa. 65, 225 A.2d 905 (1967), indicated that the defendant-driver Wade Alexander had severe sight problems which impaired his vision to such a degree that he could no longer safely drive an automobile. However, the holding of the case was not based on this handicap.

We have also allowed a witness traveling in a car behind one involved in an accident to testify as to what he saw, *Masters v. Alexander, supra,* and we have permitted a pedestrian to describe what he saw prior to an automobile accident. *MacDougall v. Chalmers,* 192 Pa. Superior Ct. 401, 162 A.2d 51 (1960). We see no reason to exclude the testimony proffered in the instant case. The evidence should be submitted to the jury for determination of the weight to be afforded it.

As to appellee's contention that the driver of the car in which Miss Plyler was riding would not support her testimony, this too is a jury question relating to credibility. The fact that testimony offered by one witness may be contradicted by another witness will not warrant the arbitrary exclusion of the first testimony.

The judgment entered for appellee William J. Mackleer is vacated and a new trial is ordered.

JACOBS, J., concurs in the result.