Miriam E. Frick, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Bruce W. Bernard,* with him *Silin, Eckert, Burke & Siegel,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 20, 1977:

Miriam Frick (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which, pursuant to Section 402(e) of

the Unemployment Compensation Law,[1] denied her unemployment compensation because of a finding of willful misconduct.

The claimant is a registered nurse and had been employed as a staff nurse by the Medicenter Hospital (employer) for a period of six months. The incident which led to her dismissal involved an elderly woman patient who had been admitted, with a diagnosis of a urinary tract disorder, to the hospital unit in which the claimant worked. The patient was fitted with a foley catheter, which is a type of indwelling catheter placed in the bladder for continuous urine drainage, and the physician's orders noted on the patient's chart were that the catheter was to remain in place with the required maintenance care and that an accurate record was to be kept of the patient's fluid intake and output. These orders, for reasons unexplained by the record, were not followed by the unit's nursing staff. Instead, for a period of approximately 18 days, the patient was placed on a schedule of bladder training, which involved removal of the catheter and attempts to have the patient regain the bladder function and enable her to urinate without assistance. The patient's condition fluctuated throughout this period, and this led her concerned family to contact the treating physician. When the employer then became aware of the situation, the claimant and two other employees were discharged. Following a hearing, the referee denied benefits because of a finding of willful misconduct on

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

the part of the claimant. The Board affirmed without taking further evidence, finding that the claimant had removed the patient's catheter without permission and that, although the claimant had noted the patient's adverse symptoms to the course of the treatment in the patient's chart, she had failed to bring them to the attention of the doctor or her supervisor. This appeal followed.

In an unemployment compensation case, this Court's scope of review is limited to a determination as to whether or not the findings of the Board are supported by substantial evidence and to questions of law, including the question of whether or not an employee's actions constituted willful misconduct. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). The claimant argues here that (1) the Board's findings are not supported by substantial evidence and (2) as a matter of law, her actions did not amount to willful misconduct.

It is the employer's burden to prove willful misconduct on the part of an employee and we have defined willful misconduct on numerous occasions to be behavior which evidences (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976). A careful examination of the record here leads us to conclude that the claimant's actions did not rise to the level of willful misconduct.

The Board's finding of fact challenged by the claimant is that she (the claimant) removed the patient's catheter in disregard of the doctor's orders. The claimant testified that she did not remove the catheter and that in caring for the patient she had only followed the orders of her supervisors. Moreover, the employer's representative testified only that the catheter had been removed by a member of the unit's nursing staff, without naming any individual as the person who removed it. In this context, there is clearly no evidence to support this finding and we must therefore disregard it.

The claimant argues also that her failure to bring the patient's condition to the attention of the doctor or her supervisors was not willful misconduct. The Board concluded, however, that the claimant's conduct in this instance showed a wanton disregard for the employer's interest and of her duty to her patients. The record reveals that on the claimant's last day of work she noted on the patient's chart that the patient's temperature was elevated and that her urine was bloody. The claimant testified that she did not have an opportunity to report this to her supervisor that day but that she did inform the next shift of nursing personnel as to her observations. The employer's representative testified that, under the claimant's job description, she was not *required* to notify her supervisor or a doctor whenever she observed complications but only that she was *authorized* to do so when in her judgment it was necessary. This testimony was not contradicted. Under these circumstances, although the claimant here may have been guilty of bad judgment in not contacting her supervisor or the doctor and informing either or both of them as to the patient's present condition, we do not believe that her actions amounted to willful misconduct. She did note the symptoms on the patient's chart and she did in-

form the other nursing personnel, who took over as she left, as to the patient's condition. We believe that, with these actions under the circumstances, the claimant fulfilled her duty to her employer and to her patients sufficiently to avoid a charge of willful misconduct.

The order of the Board is reversed.

ORDER

AND Now, this 20th day of July, 1977, the order of the Unemployment Compensation Board of Review dated July 26, 1976 is hereby reversed.