Horace P. Billings and Jean D. Billings, Appellants *v.* Upper Merion Township Authority, Appellee.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Sydney H. Weiss,* with him *Weiss and Freeman,* for appellants.

*Parke H. Ulrich,* with him *Fox, Differ, Callahan, Ulrich & O'Hara,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 8, 1979:

The Upper Merion Township Authority (Authority) condemned land titled to Horace P. and Jean D. Billings (Condemnees/Billings) for the installation of sewer pipes. Unable to agree on damages, a Board of View was empaneled which after a hearing found in favor of the Billings in the amount of $8,800, together with $500 counsel fees.[1] Billings appealed the

---

[1] The Board of View found the benefit to the property to be $1,200 and damages to be $10,000, leaving a net of $8,800 damages plus $500 attorney's fees.

award to the Montgomery County Court of Common Pleas. A jury found for the Authority and against the Billings in the amount of $500, which was reduced by agreement.[2]

Billings made motion for new trial, which was dismissed. Condemnees now contend that the dismissal was erroneous as was the assessment of transcript costs[3] against them on appeal.

In considering the merits of this appeal, we must limit the scope of review to a determination of whether the trial court abused its discretion or erred in the law; absent these findings we may not disturb the trial court judgment.

Billings first contend that the verdict is against the weight of the evidence. A new trial will not be granted where insufficient evidence is alleged unless the verdict is so contrary to the weight of the evidence that it shocks one's sense of justice. *Commonwealth v. Harold*, 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975). In evaluating its sufficiency, the evidence must be considered in the light most favorable to the party prevailing below.

We are satisfied that the recorded evidence supports the jury's valuation. Mr. King, expert for the Authority, opined that the fair market value of the property prior to taking was $200,000 and that after the taking it was $205,000, yielding a net benefit to the property of $5,000. Mr. DeGrouchy, expert for the Billings, testified that the fair market value prior to taking was $225,000 and the after-taking fair market value was $197,000, netting $27,000 damages.

---

[2] By agreement, the award was reduced to zero, the $500 which the Billings owed to the Authority was cancelled by the $500 which the Authority owed to the Billings in attorney's fees.

[3] Costs of the stenographic transcript of the notes of testimony from the valuation trial were assessed against the Condemnees on appeal.

While the evidence was conflicting, the jury is the judge of credibility and weight of the evidence. It may believe all, part or none of the evidence presented including that of the condemnee and his expert. *Commonwealth v. Harold, supra.* It was within the jury's province to determine the value of the land before and after condemnation and that the jury chose to rely on the testimony of one expert over another is not grounds for new trial, particularly when, as here, the judge and the jury have viewed the property.[4]

Next, the Billings urge a new trial because the verdict is substantially less than the award of the Board of View. This argument is spurious. While the amount the Board of View awards is an important factor to consider in a motion for new trial, it is not controlling and a court is not compelled to grant a new trial unless the discrepancy is so great as to shock its conscience.

Here, the award and verdict fell between the Billings' and the Authority's witnesses' valuation testimony and consequent damages. Moreover, the disparity alleged was only $8,800. Considering the property's total value and the huge discrepancy among the experts as to damages, the disparity is neither gross nor shocking. *See Kopec v. Redevelopment Authority of the City of Hazleton,* 27 Pa. Commonwealth Ct. 515, 367 A.2d 784 (1976).

Billings argue next that the trial court's refusal to allow their attorney to cross-examine the Authority's valuation expert regarding his prior testimony given before the Board of View was prejudicial. We disagree. Questioning with direct reference to testi-

---

[4] The fact that the jury has viewed the condemned property must be given considerable weight in determining whether its valuation is supported by evidence. *Arndt v. Central Cambria School District,* 7 Pa. Commonwealth Ct. 150, 298 A.2d 682 (1972).

mony given at the Board of View inquiry was prohibited because the hearing transcript was unavailable. The court did permit counsel to inquire whether the witness had made prior opinions as to value and the resulting pre and post-taking damages and if they differed from his present calculations. In addition, Billings were permitted to use their own expert to establish the property's value and damages. The excluded evidence therefore was of minimal probative value and was sought largely for purposes of impeachment. Exclusion of evidence is not valid grounds for a new trial where the evidence would not have affected the verdict or where other evidence of the same fact was introduced by the party seeking the new trial. *Commonwealth v. Fox,* 16 Pa. Commonwealth Ct. 23, 328 A.2d 872 (1974).

With respect to costs, it is the Billings' contention that the assessment of costs of the stenographic transcript of the notes of testimony from the valuation trial against them on appeal was in error.[5] We agree. Section 519 of the Eminent Domain Code[6] provided in pertinent part:

All taxable costs, including . . . transcripts of the stenographic notes of the trial in court on appeal . . . shall be paid by the condemnor

---

[5] There is some question as to whether the issue of costs is properly before this Court on appeal since Condemnees have only appealed the order of December 21, 1979, denying their motion for new trial. However, the issue of costs was argued at the hearing on the new trial motion, disposed of in the lower court opinion dismissing the new trial motion and fully briefed by both parties on appeal; therefore, we will assume for the purpose of judicial expediency that the issue was properly raised.

[6] Act of June 22, 1964, Special Sess., P.L. 84, *formerly* 26 P.S. §1-519, repealed by Section 2 of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002 [1376]; re-enacted in substantial part in the Judicial Code, 42 Pa. C.S. §1726.

unless the court in a proper case shall other wise direct.

The comment following the section states that its purpose is to make clear that the costs "shall" be borne by the condemnor unless the circumstances warrant the court in directing otherwise.[7]

In the instant case, the trial court assessed costs against the Condemnees on the basis of a resolution passed by the "Board of Judges of the Common Pleas Court of Montgomery County" which provides that in *all* appeals the "moving" party must bear the costs of transcribing the notes of testimony.[8] The court did not make an individual determination based on the circumstances of this particular appeal. We consider it error to fail to consider the propriety of the individual case and remand for a determination reached after a thorough analysis of the specific facts of the case at hand.

Accordingly, we

ORDER

AND Now, this 8th day of August, 1979, the order of the Court of Common Pleas of Montgomery County dismissing Horace C. Billings' and Jean D. Billings' Motion for New Trial is affirmed and the assessment of costs of the stenographic transcript of the notes of testimony against the Condemnees is reversed and remanded for a determination consistent with this opinion.

---

[7] Costs in the instant case, however, were assessed prior to the repeal of Section 519 and are hence governed by that section.

[8] 99 Montgomery County L.R. 390 (1975).