467 A.2d 377

**Clare KREMER, Appellant,**

v.

**JANET FLEISHER GALLERY, INC.**

Superior Court of Pennsylvania.

Argued May 10, 1983.

Filed Oct. 28, 1983.

Steven E. Angstreich, Philadelphia, for appellant.

Richard C. Unger, Jr., Philadelphia, for appellee.

Before CERCONE, President Judge, and SPAETH, HESTER, BROSKY, WIEAND, BECK and JOHNSON, JJ.

BROSKY, Judge:

This appeal is from judgment on the verdict. Appellant sought damages for the sale of her paintings at a price below their alleged value. Appellee sought, and obtained, a verdict on its counterclaim. Appellant raises five issues for our review: First, that the trial court erred in precluding appellant from introducing evidence on the value of the *res*, two paintings. Second, that it was error to allow the introduction of hearsay documentary evidence. Third, that an adverse inference against appellant should not have been allowed regarding appellant's failure to call a certain witness. Fourth, that an expert witness should not have given testimony based upon a false hypothetical and without proper foundation. Fifth, that the charge was faulty in neglecting to charge on applicable principles of agency law. We find that a new trial is required on the basis of issues one and five, above.

The relevant facts are as follows:

In October, 1974, Kremer engaged Fleisher's services to sell a number of paintings. Twenty-two paintings were subsequently delivered to Fleisher's gallery, where they were photographed and stored. Fleisher billed Kremer for expenses of photography, storage, insurance and a prior appraisal of twelve of the paints, but this bill was never paid. In January, 1976, the parties met to discuss the bill and the unsold paintings and agreed that one or two of the

paintings should be auctioned off in order to test the market for the paintings. Proceeds from the sale were to be applied to the unpaid bill. It was agreed that the auction was to take place in the third floor gallery at the auction house and two paintings were shipped from Fleisher's marked for sale from that gallery. The paintings, however, were auctioned from the first floor gallery, where lower quality artwork was sold. The paintings brought a total of $800.00 at auction: $550.00 for one painting; $250.00 for the other. Kremer's suit sought damages for Fleisher's negligence in allowing the paintings to be sold for a price she considered to be less than their true value. Fleisher denied liability and countersued for the excess of Kremer's outstanding bill over the sum received through sale of the paintings.

\* \* \*

## I. *Value of the Paintings.*

The first issue involves the court not allowing appellant to introduce three separate types of evidence regarding the value of the paintings. The court below wrote in its opinion that: "This question was rendered moot by the verdict finding in effect that plaintiff authorized the sales and hence is not entitled to damages."

 Under other factual circumstances, we would agree with this conclusion. This would be because, although exclusion of properly admissible evidence may be grounds for granting a new trial where the exclusion has prejudiced appellant, new trial will not be granted where the evidence would not have affected the verdict.[1] *Eldridge v. Melcher*, 226 Pa.Super. 381, 313 A.2d 750 (1973). Thus, when the jury has returned a verdict for a defendant on the issue of liability, exclusion of evidence of damages is not usually grounds for granting a new trial. *Metzler v. Rapho Twp.*, 26 Lanc.L.Rev. 231 (1909); *Minich v. Beittel*, 26 Lanc.L. Rev. 248 (1909). Here, the jury returned a verdict for defendant on both the complaint and counterclaim.

---

**1.** Or where other evidence of the same fact was introduced by the party applying for the new trial.

■ However, under the facts of this case, this general rule does not apply. Evidence of the value of appellant's paintings could have affected the jury's verdict. Thus, it was not relevant only to the issue of damages.

The theory upon which appellant's claim was based was that appellee was negligent in selling her paintings for a price far below their value. Evidence establishing a discrepancy between the value of the paintings and the price they commanded was of course relevant to the issue of damages, but before that, it was relevant to the issue of liability, specifically, to whether appellants had as a result of appellee's negligence suffered an injury. *See* Restatement (Second) of Torts § 281 (1965). Evidence of a value-price discrepancy was relevant to the issue of liability. Evidence of the extent of the discrepancy was relevant to the issue of damages. Because evidence is relevant to one issue (damages) does not mean that it may not also be relevant to another issue (liability).

■ Contrary to the trial court's assertion, the evidence in question was not only relevant to liability but, since it went to the heart of appellant's case, its admission might have resulted in a different verdict. Thus, *if* any of the pieces of evidence should otherwise have been admitted, and *if* a contrary verdict might have resulted from the admission of any one of them, a new trial is mandated. *Billings v. Upper Merion Twp. Auth.*, 44 Pa.Cmwlth. 622 at 626, 405 A.2d 967 at 970 (1979).[2] It now remains for us to determine, one by one, whether the pieces of evidence were admissible and whether their admission could have resulted in a different verdict.

The first of the three pieces of evidence we will review was a document prepared by appellee valuing some other paintings prepared by the same artist.

**2.** Since we cannot, under the facts of this case, conclude that a contrary verdict would certainly have resulted had this evidence been admitted, we do not grant a judgment n.o.v. *McKnight v. City of Philadelphia*, 299 Pa.Super. 327, 445 A.2d 778 (1982).

■ This evidence was relevant because paintings by the same artist are mutually comparable. The value of paintings comparable to those sold is relevant to the value of those sold. *See generally Deitch Co. v. Board of Property Assessments*, 417 Pa. 213, 209 A.2d 397 (1965).[3]

■ It was also admissible as an admission of a party-opponent, an exception to the hearsay rule. *Adams v. Mackleer*, 239 Pa.Super. 244 at 248, 361 A.2d 439 at 441 (1976).

■ Where other evidence of the same fact was introduced by the party seeking a new trial, a new trial is not in order. It is true that Janet Fleisher conceded indirectly that she had appraised the eight paintings for $32,500, and that the excluded written appraisal would have said no more than that. It was, however, a grudging concession ("I have appraised hundreds and hundreds of paintings since then"). A jury is likely—quite properly—to assign extra weight to documentary evidence. That was especially likely here, where appellee's expert emphasized the greater authority of a written, as opposed to an oral, appraisal. The admission of Fleisher's written appraisal—a professional admission— that the value of paintings comparable to those sold was $32,500 might well have increased the jury's assessment of the value of the paintings that were sold.

Therefore, in all respects, the valuation should have been admitted and its absence justifies the grant of a new trial.

The second piece of evidence which was excluded was appellant's opinion of the value of the two paintings.

■ This evidence should have been admitted. The owner of personalty traditionally has been permitted to testify to its value in civil cases. "The theory which underlies these cases is that an owner, by reason of his status as owner, is deemed qualified to give estimates of the value of what he owns." *Commonwealth v. Warlow*, 237 Pa.Super. 120 at 126, 346 A.2d 826 at 829 (1975). Nor was the presumption from ownership that she knew their value overcome. *Sil-*

**3.** Recent purchase price of comparable realty admissible for purpose of establishing value.

*ver v. Television City, Inc.,* 207 Pa.Super. 150, 215 A.2d 335 (1965).

However, this error does not mandate a new trial; if it had been admitted, the evidence would have merely repeated other evidence. Appellant was permitted to testify to Janet Fleisher's appraisal of the value of the paintings. The offer of proof shows that her own assessment of their value would have been identical to the appraisal she ascribed to Janet Fleisher. Appellant's testimony as to her own opinion of the value of the paintings would therefore have been cumulative. Consequently, the lower court's error in excluding it does not require a new trial. *See, e.g., Pittsburgh Nat'l Bank v. Mut. Life Ins. Co. of New York,* 273 Pa.Super. 592, 417 A.2d 1206 (1980), *aff'd,* 493 Pa. 96, 425 A.2d 383 (1981).

The third piece of excluded evidence was the testimony of David Ross, the immediately preceding purchaser of the paintings. He would have testified that 35 to 40 years ago he bought three paintings by the same artist, including the two sold by appellee, for $2,750. On the basis of his 34 years of experience in the art business, Ross would have testified that paintings have appreciated in value since the time of his purchase.

The question of whether evidence of a prior purchase price is admissible on the issue of current value depends upon whether the prior sale was too remote in time to be relevant.

*Whistler Sportswear, Inc. v. Rullo,* 289 Pa.Super. 230, 433 A.2d 40 (1981). The essence of Ross's testimony was that he could say as an expert that here, given the nature of the items in question, the prior sale was not too remote. His testimony would have been probative of the proposition that appellant sought to establish—that the current value of the paintings exceeded the price for which they were sold by Freeman's. Not permitting the testimony was therefore error, and serious error, for the testimony might well have had a substantial impact on the jury's assessment of the

current value of the paintings and therefore on its verdict. This also, then, is an error justifying the remedy of a new trial.

## II. *Other Issues.*

Appellant raises four additional issues. Those issues numbered two, three and four in the initial statement of the issues above will not be treated substantively in this opinion. Since we hold that a new trial is required by issues number one and five,[4] only two reasons could justify the treatment of the other three issues. One such reason would be if any of these issues presented errors of the court below which should not be repeated on retrial. None of these three issues does present an error to be avoided in the new trial. The second possible reason to write on these issues would be their presentation of novel issues of law— even if we did not ultimately conclude that error was committed. None of these three issues falls into this category either. We will, therefore, proceed directly to the remaining issue in which we discern reversible error requiring a new trial—the charge to the jury.

## III. *Charge to the Jury on Agency.*

Appellant contends that the trial court erred in not charging the jury on the applicable principles of agency law. Specifically, she argues that the jury should have been informed of an agent's duty to his principal; the standard of care owed;[5] the agent's liability for breaches thereof;[6] and that an agent is responsible to his principal for the actions of the agent's servant.[7] We agree.

**4.** Treated in the next section.

**5.** Restatement (Second) of Agency, § 379.

**6.** Restatement (Second) of Agency, § 401.

**7.** Restatement (Second) of Agency, § 405. *Klein v. Stern & Co.,* 144 Pa.Super. 470, 19 A.2d 566 (1941). While summarized here, our discussion covers by reference appellant's point for charge 1 through 6, 10 and 11.

As noted above, appellant's claim rested on the theory that appellee was negligent in selling her paintings for a price far below their true value. The jury could not decide whether appellee was negligent without first deciding whether it should have appeared to appellee that there was an unreasonable risk that the paintings might be sold for less than their true value if Freeman's sold them on its first floor.

The charge given the jury on the issue of whether appellee was negligent stated: "If you find from a preponderance of the evidence that the paintings were worth more than was realized at the sale, and that defendant Janet Fleisher *breached her duty* to plaintiff or was *negligent,* then you must award plaintiff damages." (emphasis added). Nowhere were the concepts of "duty" or "negligence" defined. We don't see how the jury could possibly have gleaned from this charge the standard by which it was supposed to measure the facts. The charge was therefore error: it didn't provide the jury with "a reasonable guide for the determination of the defendant's alleged negligence [citation omitted] and on the degree of care required of the defendant [citation omitted]." *Crotty v. Reading Industries, Inc.,* 237 Pa.Super. 1, 6, 345 A.2d 259, 261 (1975).

Thus, on this basis also, we grant a new trial.

Judgment on the verdict is vacated and the case remanded for a new trial. Jurisdiction is relinquished.

WIEAND, J., filed a concurring opinion in which JOHNSON, J., joined.

WIEAND, Judge, concurring:

I agree that the trial court's jury instructions regarding the duty of care owed to a principal by an agent were inadequate. Therefore, a new trial is necessary.

However, I am unable to agree with the majority's analyses of the various issues arising from appellant's several

offers to prove the value of the paintings sold; and, therefore, I do not join that portion of the majority opinion.

JOHNSON, J., joined.