J-A11043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LOUIS FIGUEROA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALLSTATE INSURANCE COMPANY | No. 2006 EDA 2015 |

Appeal from the Order Entered May 28, 2015
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): No. 2008-06730

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  **FILED JULY 08, 2016**

Appellant, Louis Figueroa, appeals from the order entered in the Montgomery County Court of Common Pleas denying his motion to strike and/or set aside the underinsured motorist ("UIM") arbitration award in his favor in the amount of $10,000.00 which was molded to zero dollars reflecting a credit to Appellee, Allstate Insurance Company. Appellant avers the trial court erred in failing to disqualify Appellee's counsel, refusing to enforce his subpoenas, and denying his request for a continuance. We affirm.

We adopt the facts and procedural posture of this case as set forth by the trial court. *See* Trial Ct. Op., 8/14/15, at 1-4. Appellant filed a court

---

[*] Former Justice specially assigned to the Superior Court.

ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal[1] and the trial court filed a responsive opinion. This appeal followed.

Appellant raises the following issues for our review:

1. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the trial court's failure to disqualify [A]ppellee's counsel?

2. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the arbitration panel's failure to enforce subpoenas properly issued for witnesses and documents to be produced at the hearing on [A]ppellant's behalf?

3. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the arbitration panel's failure to continue the arbitration hearing?

Appellant's Brief at 3.

First, Appellant contends he was denied a fair arbitration hearing because the trial court refused to disqualify Appellee's counsel, Kevin McNulty, Esq. *Id.* at 11. He argues that the arbitration was conducted at common law and thus the award may be vacated where it has been shown that a party has been denied a fair hearing.[2] *Id.*

---

[1] We note that Appellant's Rule 1925(b) statement contained twelve issues. We will not consider any issue if it has not been set forth in the statement of questions involved. Any unraised claims are abandoned on appeal. *See City of Phila. v. Schweiker*, 858 A.2d 75, 90 (Pa. 2004).

J-A11043-16

Appellant claims that at common law, an attorney owes a fiduciary duty to his client, citing ***Maritrans v. Pepper, Hamilton & Sheetz***, 602 A.2d 1277 (Pa. 1992).  He avers

> [t]his fiduciary duty estops an advocate from undertaking representations adverse to that of a former (or present) client in a "substantially related" matter to that involving the initial client[.]  ***Id.*** at 1284.  Where such dual advocacy is attempted, there is a <u>presumption</u> of misuse of the original client's confidences[.]  ***Id.***

Appellant's Brief at 12.

---

[2] As the trial court noted, Appellant "incorrectly applies the common law arbitration standard for vacatur in the instant matter."  Trial Ct. Op. at 5. The Allstate insurance policy provides, in pertinent part, as follows:

> **If We Cannot Agree**
> If the insured person and **we** don't agree:
> 1. on that person's right to receive damages, or
>
> 2. on the amount of those damages,
>
> then the disagreement may be settled by arbitration.  If both the insured person and **we** agree to settle by arbitration, **arbitration will take place as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980**.

R.R. at 200a (some emphasis added).  We cite to Appellee's reproduced record.  In ***Cotterman v. Allstate Ins. Co.***, 666 A.2d 695 (Pa. Super. 1995), this court opined that

> the parties sought arbitration pursuant to the insurance policy which stated that "**arbitration will take place as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980**." This language constitutes an **express provision**, by the parties, for **statutory arbitration**.

***Id.*** at 697 (citation omitted and emphases added).

- 3 -

J-A11043-16

Our review is governed by the following principles:

> "[w]hen we review a trial court's decision to affirm, modify or vacate an arbitration award arising from an insurance contract, this Court may reverse only for an abuse of discretion or error of law." ***O'Connor-Kohler v. United Services Auto. Ass'n***, 883 A.2d 673, 676 (Pa. Super. 2005) (*en banc*), quoting ***Rudloff v. Nationwide Mut. Ins. Co.***, 806 A.2d 1270, 1272 (Pa. Super. 2002).

***Hartford Ins. Co. v. O'Mara***, 907 A.2d 589, 593 (Pa. Super. 2006).

The Pennsylvania Uniform Arbitration Act provides:

> (1) On application of a party, the court shall vacate an award where:
>
> > (i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;
> >
> > (ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;
> >
> > (iii) the arbitrators exceeded their powers;
> >
> > (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or
> >
> > (v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S. § 7314(1)(i)-(v).

- 4 -

In the case *sub judice*, the trial court opined:

> [Appellant] alleges the trial court erred in failing to strike the arbitration award because Kevin McNulty, Esquire ("McNulty") represented the tortfeasor, Belmonte, in the underlying action. [Appellant] alleges the trial court erred by denying his previously filed "Motion for Disqualification of Counsel" by order dated September 16, 2010.
>
> [Appellant] relies on **Maritrans**[, **supra**] to support his claim that it was error not to order McNulty's disqualification. [Appellant's] reliance on **Maritrans** is misplaced. In **Maritrans**, over the course of a law firm's decade long labor representation of a commercial company, the law firm learned the company's long term objectives, competitive strategies and other sensitive information. After gaining this knowledge, the law firm undertook representation of several of the company's competitors. The Supreme Court of Pennsylvania found that this constituted a breach of the law firm's fiduciary duty to the company. The court established that a) an attorney owes their **former or present client** a fiduciary duty which prevents the attorney from representing an interest adverse to that client and b) a presumption of misuse of a client's information exists when an attorney violates that duty.
>
> Although McNulty never represented [Appellant, he] argues that there is a presumption that McNulty misused [Appellant's] confidences he gathered in the underlying action to the advantage of [Appellee] in this action. . . . McNulty represented the tortfeasor in the underlying action whose interests were adverse to [Appellant]. In the instant matter, McNulty again is representing a party adverse to [Appellant]. McNulty did not obtain any confidences from [Appellant] as he was the *opposing* counsel. Since [Appellant] was never a former o[r] present client of McNulty, the Motion to disqualify was properly denied and provides no basis for vacatur of the award.

J-A11043-16

Trial Ct. Op. at 6-7 (some emphasis added). We agree no relief is due. We discern no abuse of discretion or error of law by the trial court. *See Hartford Ins. Co.*, 907 A.2d at 593.

Next, Appellant contends he was denied a full and fair arbitration hearing because the court refused to enforce his properly issued subpoenas.[3] Appellant's Brief at 14. Appellant avers that the arbitrators erred "[i]n allowing [Appellee] to escape production of all the law firm and insurance company's records . . . ." *Id.* at 15. We find no relief is due.

The Pennsylvania Uniform Arbitration Act provides:

> The arbitrators **may** issue subpoenas in the form prescribed by general rules for the attendance of witnesses and for the production of books, records, documents and other evidence. Subpoenas so issued shall be served and, upon application to the court by a party or by the arbitrators, shall be enforced in the manner provided or prescribed by law for the service and enforcement of subpoenas in a civil action.

42 Pa.C.S. § 7309(a) (emphasis added).

---

[3] We note that in support of his claim, Appellant cites *Schultz v. Mount Vernon Fire Ins. Co.*, 77 Lack. J. 66 (1976), *Trzesniowski v. Erie Ins. Exch.*, 59 Pa. D. & C.2d 44 (C.C.P. Erie 1973), *Hopewell v. Adebimpe*, 18 D. & C.3d 659 (C.C.P. Allegheny 1981), and *Greynolds v. McAllister*, (C.C.P. Allegheny 1982). Appellant's Brief at 14-15. It is well-settled that Court of Common Pleas decisions are not binding precedent on this Court. *Discover Bank v. Stucka*, 33 A.3d 82, 87–88 (Pa. Super. 2011). Appellant presents no controlling legal authority in support of his claim. Appellant states that "[i]t is settled that a new trial should be granted where the excluded evidence could have affected the jury's verdict," citing *Kremer v. Janet Gleischer Gallery, Inc.*, 467 A.2d 377 (Pa. Super. 1983). Appellant's Brief at 15. Accordingly, we could find the issue waived. *See JJ. Deluca Co. v. Toll Naval Assocs., Inc.*, 56 A.3d 402, 412 (Pa. Super. 2012).

- 6 -

The arbitrators issued an order on September 18, 2013, which provided:

On August 29, 2013 [, Appellant] submitted a request by fax for subpoenae [sic] to a "hearing" convened just for the purposes of receiving the documents to be subpoenaed. . . . I am not authorized to convene a mock hearing simply to provide discovery that is not allowed.

R.R. at 223a. The order denied Appellant's "request for subpoenae [sic] for documents **prior** to the hearing on the merits . . . ." *Id.* at 223a-24a (emphasis added). The September 18th order provided that "[r]equests for subpoenas to the hearing on the merits shall be made by motion, with the form of subpoenae [sic] sought attached, after a date is selected for a hearing on the merits." *Id.* at 224a.

On June 24, 2014, the arbitrators issued an order which provided that "[n]o discovery requests will be entertained or allowed." *Id.* at 29a. At the arbitration hearing,[4] counsel for Appellant stated he "eventually got" the medical records and "we have all the medical records here." *Id.* at 40a, 53a. He then stated he wanted to issue the subpoena because he didn't "necessarily have them all." *Id.* at 53a.

The trial court found no merit to Appellant's claim, noting that Appellant "introduced 88 pages of medical records at the arbitration in support of his claim for damages." Trial Ct. Op. at 8. We agree no relief is

---

[4] We note that Appellant did not appear at the arbitration.

due. The issuance of subpoenas by the arbitrators is discretionary pursuant to the Uniform Arbitration Act. *See* 42 Pa.C.S. § 7309(a). We discern no abuse of discretion or error of law by the trial court. *See Hartford Ins. Co.*, 907 A.2d at 593.

Lastly, Appellant contends that he was denied a full and fair arbitration hearing because the arbitrators refused to continue the hearing. Appellant's Brief at 16. We reproduce Appellant's argument in support of this claim verbatim:

> [Appellant's] present counsel clearly demonstrated good cause for the requested continuance of the arbitration hearing, or at least its bifurcation. Indeed, the necessity for the continuance arose from [Appellee's] own intentional or negligent conduct, as well the corresponding conduct of its law firm. The arbitrator's unreasonable refusal to continue the arbitration hearing necessitates vacating the panel's award, 42 Pa.C.S.A. § 7314; *Cf. Aetna Cas. and Sur. Co. v. Dieetrich*, 803 F. Supp. 1032 (M.D. Pa. 1992) (indicating, in *dicta*, that arbitrators exceed powers where they refuse to postpone arbitration hearing upon showing of good cause).

Appellant's Brief at 16 (emphasis added).[5]

Instantly, the trial court opined:

> This case arises from a motor vehicle accident which occurred on December 6, 2000. The instant matter commenced on November 3, 2006. [Appellee] petitioned the court on April 29, 2009 to appoint a neutral arbitrator so the case could proceed to a UIM hearing. The neutral

---

[5] We note that "dicta does not constitute binding precedent." *Valles v. Albert Einstein Med. Ctr.*, 758 A.2d 1238, 1246 (Pa. Super. 2000) (citation omitted). Furthermore, lower federal court cases are not binding precedent. *See In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012).

- 8 -

arbitrator had been attempting to schedule the arbitration since March 2013[6] and granted [Appellant's] counsel's request that he would be able to proceed with the arbitration anytime during the last two weeks of June 2014. The arbitrators again postponed the arbitration hearing to July 21, 201[4] pursuant to a continuance request on behalf of [Appellant]. The order granting [Appellant's] continuance request made it very clear that no more continuances would be granted and that all counsel agreed to try the case to completion on that date. . . . [Appellant's] counsel consented to the July 21, 2014 arbitration date.

Trial Ct. Op. at 8-9 (footnote omitted). We agree no relief is due.

The arbitrators did not refuse "to postpone the hearing upon good cause being shown" by Appellant. *See* 42 Pa.C.S. § 7314(1)(iv). We discern no abuse of discretion or error of law by the trial court. *See Hartford Ins. Co.*, 907 A.2d at 593. Accordingly, we affirm the order of the trial court denying the motion to strike and/or set aside the UIM arbitration award which was molded to reflect a credit to Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[6] *See* R.R. at 223a.