J-A11043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LOUIS FIGUEROA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALLSTATE INSURANCE COMPANY | |
| | No. 2006 EDA 2015 |

Appeal from the Order Entered May 28, 2015
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): No. 2008-06730

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 08, 2016**

Appellant, Louis Figueroa, appeals from the order entered in the Montgomery County Court of Common Pleas denying his motion to strike and/or set aside the underinsured motorist ("UIM") arbitration award in his favor in the amount of $10,000.00 which was molded to zero dollars reflecting a credit to Appellee, Allstate Insurance Company. Appellant avers the trial court erred in failing to disqualify Appellee's counsel, refusing to enforce his subpoenas, and denying his request for a continuance. We affirm.

We adopt the facts and procedural posture of this case as set forth by the trial court. *See* Trial Ct. Op., 8/14/15, at 1-4. Appellant filed a court

---

[*] Former Justice specially assigned to the Superior Court.

J-A11043-16

ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal[1] and the trial court filed a responsive opinion.  This appeal followed.

Appellant raises the following issues for our review:

> 1. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the trial court's failure to disqualify [A]ppellee's counsel?
>
> 2. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the arbitration panel's failure to enforce subpoenas properly issued for witnesses and documents to be produced at the hearing on [A]ppellant's behalf?
>
> 3. Whether the trial judge erred in refusing to find that [A]ppellant was denied a full and fair hearing of his underinsured motorist claims by virtue of the arbitration panel's failure to continue the arbitration hearing?

Appellant's Brief at 3.

First, Appellant contends he was denied a fair arbitration hearing because the trial court refused to disqualify Appellee's counsel, Kevin McNulty, Esq.  ***Id.*** at 11.  He argues that the arbitration was conducted at common law and thus the award may be vacated where it has been shown that a party has been denied a fair hearing.[2]  ***Id.***

_____

[1] We note that Appellant's Rule 1925(b) statement contained twelve issues. We will not consider any issue if it has not been set forth in the statement of questions involved.  Any unraised claims are abandoned on appeal.  ***See City of Phila. v. Schweiker***, 858 A.2d 75, 90 (Pa. 2004).

- 2 -

Appellant claims that at common law, an attorney owes a fiduciary duty to his client, citing *Maritrans v. Pepper, Hamilton & Sheetz*, 602 A.2d 1277 (Pa. 1992). He avers

> [t]his fiduciary duty estops an advocate from undertaking representations adverse to that of a former (or present) client in a ̎substantially related ̎ matter to that involving the initial client[.] *Id.* at 1284. Where such dual advocacy is attempted, there is a <u>presumption</u> of misuse of the original client's confidences[.] *Id.*

Appellant's Brief at 12.

---

[2] As the trial court noted, Appellant "incorrectly applies the common law arbitration standard for vacatur in the instant matter." Trial Ct. Op. at 5. The Allstate insurance policy provides, in pertinent part, as follows:

> **If We Cannot Agree**
> If the insured person and **we** don't agree:
> 1. on that person's right to receive damages, or
>
> 2. on the amount of those damages,
>
> then the disagreement may be settled by arbitration. If both the insured person and **we** agree to settle by arbitration, **arbitration will take place as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980**.

R.R. at 200a (some emphasis added). We cite to Appellee's reproduced record. In *Cotterman v. Allstate Ins. Co.*, 666 A.2d 695 (Pa. Super. 1995), this court opined that

> the parties sought arbitration pursuant to the insurance policy which stated that "**arbitration will take place as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980**." This language constitutes an **express provision**, by the parties, for **statutory arbitration**.

*Id.* at 697 (citation omitted and emphases added).

J-A11043-16

Our review is governed by the following principles:

> "[w]hen we review a trial court's decision to affirm, modify or vacate an arbitration award arising from an insurance contract, this Court may reverse only for an abuse of discretion or error of law." *O'Connor-Kohler v. United Services Auto. Ass'n*, 883 A.2d 673, 676 (Pa. Super. 2005) (*en banc*), quoting *Rudloff v. Nationwide Mut. Ins. Co.*, 806 A.2d 1270, 1272 (Pa. Super. 2002).

*Hartford Ins. Co. v. O'Mara*, 907 A.2d 589, 593 (Pa. Super. 2006).

The Pennsylvania Uniform Arbitration Act provides:

> (1) On application of a party, the court shall vacate an award where:
>
> > (i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;
> >
> > (ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;
> >
> > (iii) the arbitrators exceeded their powers;
> >
> > (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or
> >
> > (v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S. § 7314(1)(i)-(v).

- 4 -

In the case *sub judice*, the trial court opined:

> [Appellant] alleges the trial court erred in failing to strike the arbitration award because Kevin McNulty, Esquire ("McNulty") represented the tortfeasor, Belmonte, in the underlying action. [Appellant] alleges the trial court erred by denying his previously filed "Motion for Disqualification of Counsel" by order dated September 16, 2010.
>
> [Appellant] relies on **Maritrans**[, **supra**] to support his claim that it was error not to order McNulty's disqualification. [Appellant's] reliance on **Maritrans** is misplaced. In **Maritrans**, over the course of a law firm's decade long labor representation of a commercial company, the law firm learned the company's long term objectives, competitive strategies and other sensitive information. After gaining this knowledge, the law firm undertook representation of several of the company's competitors. The Supreme Court of Pennsylvania found that this constituted a breach of the law firm's fiduciary duty to the company. The court established that a) an attorney owes their **former or present client** a fiduciary duty which prevents the attorney from representing an interest adverse to that client and b) a presumption of misuse of a client's information exists when an attorney violates that duty.
>
> Although McNulty never represented [Appellant, he] argues that there is a presumption that McNulty misused [Appellant's] confidences he gathered in the underlying action to the advantage of [Appellee] in this action. . . . McNulty represented the tortfeasor in the underlying action whose interests were adverse to [Appellant]. In the instant matter, McNulty again is representing a party adverse to [Appellant]. McNulty did not obtain any confidences from [Appellant] as he was the *opposing* counsel. Since [Appellant] was never a former o[r] present client of McNulty, the Motion to disqualify was properly denied and provides no basis for vacatur of the award.

Trial Ct. Op. at 6-7 (some emphasis added). We agree no relief is due. We discern no abuse of discretion or error of law by the trial court. **See Hartford Ins. Co.**, 907 A.2d at 593.

Next, Appellant contends he was denied a full and fair arbitration hearing because the court refused to enforce his properly issued subpoenas.[3] Appellant's Brief at 14. Appellant avers that the arbitrators erred "[i]n allowing [Appellee] to escape production of all the law firm and insurance company's records . . . ." **Id.** at 15. We find no relief is due.

The Pennsylvania Uniform Arbitration Act provides:

> The arbitrators **may** issue subpoenas in the form prescribed by general rules for the attendance of witnesses and for the production of books, records, documents and other evidence. Subpoenas so issued shall be served and, upon application to the court by a party or by the arbitrators, shall be enforced in the manner provided or prescribed by law for the service and enforcement of subpoenas in a civil action.

42 Pa.C.S. § 7309(a) (emphasis added).

_____

[3] We note that in support of his claim, Appellant cites **Schultz v. Mount Vernon Fire Ins. Co.**, 77 Lack. J. 66 (1976), **Trzesniowski v. Erie Ins. Exch.**, 59 Pa. D. & C.2d 44 (C.C.P. Erie 1973), **Hopewell v. Adebimpe**, 18 D. & C.3d 659 (C.C.P. Allegheny 1981), and **Greynolds v. McAllister**, (C.C.P. Allegheny 1982). Appellant's Brief at 14-15. It is well-settled that Court of Common Pleas decisions are not binding precedent on this Court. **Discover Bank v. Stucka**, 33 A.3d 82, 87–88 (Pa. Super. 2011). Appellant presents no controlling legal authority in support of his claim. Appellant states that "[i]t is settled that a new trial should be granted where the excluded evidence could have affected the jury's verdict," citing **Kremer v. Janet Gleischer Gallery, Inc.**, 467 A.2d 377 (Pa. Super. 1983). Appellant's Brief at 15. Accordingly, we could find the issue waived. **See JJ. Deluca Co. v. Toll Naval Assocs., Inc.**, 56 A.3d 402, 412 (Pa. Super. 2012).

- 6 -

The arbitrators issued an order on September 18, 2013, which provided:

> On August 29, 2013 [, Appellant] submitted a request by fax for subpoenae [sic] to a "hearing" convened just for the purposes of receiving the documents to be subpoenaed. . . . I am not authorized to convene a mock hearing simply to provide discovery that is not allowed.

R.R. at 223a. The order denied Appellant's "request for subpoenae [sic] for documents **prior** to the hearing on the merits . . . ." *Id.* at 223a-24a (emphasis added). The September 18th order provided that "[r]equests for subpoenas to the hearing on the merits shall be made by motion, with the form of subpoenae [sic] sought attached, after a date is selected for a hearing on the merits." *Id.* at 224a.

On June 24, 2014, the arbitrators issued an order which provided that "[n]o discovery requests will be entertained or allowed." *Id.* at 29a. At the arbitration hearing,[4] counsel for Appellant stated he "eventually got" the medical records and "we have all the medical records here." *Id.* at 40a, 53a. He then stated he wanted to issue the subpoena because he didn't "necessarily have them all." *Id.* at 53a.

The trial court found no merit to Appellant's claim, noting that Appellant "introduced 88 pages of medical records at the arbitration in support of his claim for damages." Trial Ct. Op. at 8. We agree no relief is

---

[4] We note that Appellant did not appear at the arbitration.

due. The issuance of subpoenas by the arbitrators is discretionary pursuant to the Uniform Arbitration Act. *See* 42 Pa.C.S. § 7309(a). We discern no abuse of discretion or error of law by the trial court. *See Hartford Ins. Co.*, 907 A.2d at 593.

Lastly, Appellant contends that he was denied a full and fair arbitration hearing because the arbitrators refused to continue the hearing. Appellant's Brief at 16. We reproduce Appellant's argument in support of this claim verbatim:

> [Appellant's] present counsel clearly demonstrated good cause for the requested continuance of the arbitration hearing, or at least its bifurcation. Indeed, the necessity for the continuance arose from [Appellee's] own intentional or negligent conduct, as well the corresponding conduct of its law firm. The arbitrator's unreasonable refusal to continue the arbitration hearing necessitates vacating the panel's award, 42 Pa.C.S.A. § 7314; *Cf. Aetna Cas. and Sur. Co. v. Dieetrich*, 803 F. Supp. 1032 (M.D. Pa. 1992) (indicating, in *dicta*, that arbitrators exceed powers where they refuse to postpone arbitration hearing upon showing of good cause).

Appellant's Brief at 16 (emphasis added).[5]

Instantly, the trial court opined:

> This case arises from a motor vehicle accident which occurred on December 6, 2000. The instant matter commenced on November 3, 2006. [Appellee] petitioned the court on April 29, 2009 to appoint a neutral arbitrator so the case could proceed to a UIM hearing. The neutral

---

[5] We note that "dicta does not constitute binding precedent." *Valles v. Albert Einstein Med. Ctr.*, 758 A.2d 1238, 1246 (Pa. Super. 2000) (citation omitted). Furthermore, lower federal court cases are not binding precedent. *See In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012).

arbitrator had been attempting to schedule the arbitration since March 2013[6] and granted [Appellant's] counsel's request that he would be able to proceed with the arbitration anytime during the last two weeks of June 2014. The arbitrators again postponed the arbitration hearing to July 21, 201[4] pursuant to a continuance request on behalf of [Appellant]. The order granting [Appellant's] continuance request made it very clear that no more continuances would be granted and that all counsel agreed to try the case to completion on that date. . . . [Appellant's] counsel consented to the July 21, 2014 arbitration date.

Trial Ct. Op. at 8-9 (footnote omitted). We agree no relief is due.

The arbitrators did not refuse "to postpone the hearing upon good cause being shown" by Appellant. **See** 42 Pa.C.S. § 7314(1)(iv). We discern no abuse of discretion or error of law by the trial court. **See Hartford Ins. Co.**, 907 A.2d at 593. Accordingly, we affirm the order of the trial court denying the motion to strike and/or set aside the UIM arbitration award which was molded to reflect a credit to Appellee.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[6] **See** R.R. at 223a.



2008-06730-0114  8/14/2015 12:09 PM  # 10433541
Opinion
Rcpt#Z2490982 Fee:S0.00
Mark Levy - MontCo Prothonotary

IN THE COURT OF COMMON PLEAS M(

CIVIL D

LOUIS FIGUEROA      :

        :

vs.        :

        :

ALLSTATE INSURANCE COMPANY   :

NO. 2008-06730

2006 EDA 2015

HAAZ, J.            AUGUST 14, 2015

## OPINION

Plaintiff, Louis Figueroa ("Figueroa") appeals from this court's order dated May 27, 2015, denying his Motion to Strike and/or Set Aside the Arbitration Award dated July 21, 2014.

## I. FACTS AND PROCEDURAL HISTORY

This matter arises out of a claim for personal injuries resulting from a motor vehicle accident which occurred on December 6, 2000. Figueroa was a passenger in a vehicle whose driver was insured by Allstate Insurance Company ("Allstate"). Figueroa filed suit (the underlying action) against the tortfeasor, Robert Belmonte ("Belmonte") and ultimately settled his claim for Belmonte's insurance policy limit of $15,000 prior to trial.

Because Figueroa claimed damages exceeding the $15,000 tendered by Belmonte's insurance company, Figueroa made an underinsured motorist (UIM) claim against Allstate.[1] Figueroa commenced the instant matter on November 3, 2006 in Philadelphia County by filing a Petition to Appoint an Arbitrator and Compel Arbitration[2] against Allstate. The case was transferred to Montgomery County on March 17, 2008.[3] On April 29, 2009, Allstate filed a

---

[1] The UIM coverage was $15,000.

[2] The Allstate insurance policy included a compulsory arbitration provision.

[3] A clause in the insurance contract established venue in the county in which the named insured lived pursuant to the Uniform Arbitration Act. In this case, Montgomery County was the proper venue.

Petition to appoint a neutral arbitrator. On June 4, 2009, Allstate's Petition was granted and the Honorable Maurino Rossanese appointed Nicole McCauley, Esquire ("McCauley") as the third/neutral arbitrator. On June 3, 2010, Figueroa filed a Motion to Disqualify Kevin McNulty, Esquire ("McNulty") and his law firm, Gerolamo, McNulty, Divis and Lewbart, P.C.[4] as counsel for Allstate because McNulty was counsel for Belmonte in the underlying action. Said motion was denied by the Honorable Joseph A. Smyth on September 16, 2010. On July 27, 2011, McCauley petitioned the court to withdraw as neutral arbitrator due to her new position as a judicial law clerk in the Court of Common Pleas of Montgomery County. After numerous continuances of oral argument on said petition due to court conflict and continuance requests by both Figueroa and Allstate, Judge Smyth granted McCauley's Petition to Withdraw and appointed Donald J. Martin, Esquire as the third/neutral arbitrator by order dated May 2, 2012.

After another series of continuances and delays, counsel for Figueroa notified the neutral arbitrator by facsimile on April 24, 2014 that he would be out of the country for the month of May 2014 and requested the arbitration be scheduled any time within the last two weeks of June 2014. Thereafter, the arbitration hearing was scheduled for June 23, 2014. On June 18, 2014, counsel for Figueroa faxed a continuance request to the neutral arbitrator stating that Figueroa had returned to Puerto Rico to live with his family and counsel could not contact Figueroa to confirm his attendance at the scheduled arbitration hearing. The continuance request was granted by order dated June 24, 2014 which continued the matter to July 21, 2014. The order specifically stated "This rescheduled hearing will not be continued." The order further stated:

> [Figueroa] and [Figueroa's] counsel are specifically advised that if [Figueroa] or his counsel do not appear for whatever reason the matter will proceed without [Figueroa's] testimony, or with his uncounseled testimony, as the case may be.

---

[4] Figueroa also sought to disqualify Daniel Divis, Esquire, who appeared on behalf of Allstate at the arbitration hearing.

2

&ast; &ast; &ast;

This Order is issued with the concurrence of all the arbitrators. This date of the continued arbitration of July 21, 2014, is also issued with the knowledge and consent of both Counsel for [Figueroa] and Counsel for [Allstate], both of whom indicated that they will be present and ready to try the case in all respects to completion that day.

Despite this order, Counsel for Figueroa made another continuance request after he was still unable to contact Figueroa by the July 21, 2014 arbitration date. The request was denied and the arbitration went forward on July, 21, 2014 over counsel for Figueroa's objection. The arbitrators issued their award the same day in favor of Figueroa in the amount of $10,000.

On August 20, 2014, Figueroa filed a timely Petition to Strike and/or Set Aside the Arbitration Award[5] claiming "numerous irregularities and improprieties attending [Figueroa's] claim and the arbitration hearing itself." On December 12, 2014, Allstate filed a Motion to Mold UIM Arbitration Award seeking to "mold the arbitration award to zero dollars reflecting a credit of $15,000 which is the full amount of the underlying tortfeasor's liability insurance." Oral argument on both the petition and motion was held on May 13, 2015. On May 27, 2015 the undersigned issued an order denying Figueroa's Petition to Strike and/or Set Aside the Arbitration Award and a separate order granting Allstate's Motion to Mold UIM Arbitration Award.[6] Figueroa filed a timely appeal on June 29, 2015[7] of the court's order denying his Petition to Strike and/or Set Aside the Arbitration Award. On July 6, 2015, the court ordered

_____

[5] The court treated this as a petition to vacate the arbitration award.

[6] An amended order was issued on June 8, 2015 correcting the date of the motor vehicle accident cited in the order.

[7] The orders appeared on the docket on May 28, 2015. June 28, 2015, the last day to file a timely appeal, fell on a Sunday.

3

Figueroa to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).

Figueroa timely complied and stated the following:[8]

1.   The trial court erred and/or abused its discretion in failing to strike the arbitration award where counsel for Allstate, Kevin McNulty, and his firm, had also represented the tortfeasor and his insurer in plaintiff's action arising from the collision giving rise to this underinsured motorist claim. Defense counsel and his firm therefore labored under an impermissible conflict of interest and should not have been permitted to act as Allstate's counsel in this case. Although plaintiff moved for the disqualification of McNulty and his law firm, the trial court improperly refused the disqualification.

2.   The trial court erred and/or abused its discretion in failing to strike the arbitration award where the "neutral" and defense arbitrators refused to take any steps to enforce the panel-issued subpoenas properly served upon the record custodians of Allstate, American Independent and the McNulty law firm to appear at the hearing with their records related to this claim, or allow the plaintiff to seek court enforcement of those panel-issued and properly served subpoenas, where such records contained photographs documenting the severity of the accident; statements of those involved in the accident; and medical records and property damage estimates establishing the substantial value of plaintiff's claim.

3.   The trial court erred and/or abused its discretion in failing to strike the arbitration award where the "neutral" and defense arbitrators refused to continue the final arbitration hearing when the plaintiff, who was forced to leave the country to attend to his ill mother in Puerto Rico and due to his own financial problems, could not be located to advise him of the scheduled date of the arbitration hearing. This, despite the facts that Allstate and its counsel had delayed the arbitration hearing for years with frivolous and fraudulent motions and other vexatious litigation tactics.

4.   The trial court erred and/or abused its discretion in entertaining Allstate's serial, baseless motions to dismiss plaintiff's claims, all of which contributed to the unnecessary delay in resolving this matter.

5.   The trial court erred and/or abused its discretion in permitting the years long, unreasonable delay of the resolution of this claim by entertaining Allstate's fraudulent demands for a deposition/statement under oath from Plaintiff, discovery that was not authorized by the Allstate insurance policy and which Allstate and its counsel fraudulently said was required.

---

[8] Figueroa's concise statement of errors complained of on appeal contains twelve paragraphs. Three paragraphs contain factual allegations (¶¶ 1,2, and 12) and one paragraph alleges an error committed by the arbitration panel (¶10). Only the alleged errors of the trial court are listed and addressed.

4

6. The trial court erred and/or abused its discretion in requiring plaintiff to prove the issues of causation and the tortfeasor's negligence where such matters were conclusively decided against the tortfeasor in the third-party action by order of the court.

7. The trial court erred and/or abused its discretion in allowing Allstate to conduct the limited discovery allowed under the insurance policy years after the deadline for such discovery had expired, further contributing to the unnecessary delay in the resolution of this claim.

8. The trial court erred and/or abused its discretion in appointing two "neutral" arbitrators in this matter, both of whom were unfamiliar with personal injury litigation and neither of whom had any experience serving as a "neutral" arbitrator in an uninsured motorist arbitration, all of which needlessly delayed the resolution of this matter and lead [*sic*] to the rendition of an unconscionable award.

## II.   DISCUSSION

### A. Standard of review

Figueroa incorrectly applies the common law arbitration standard for vacatur in the instant matter. The Allstate insurance policy provides all arbitration proceedings are governed by the Pennsylvania Uniform Arbitration Acts of 1927 and 1980. This language clearly expresses an intent to abide by the statutory arbitration rules. *Cotterman v. Allstate Ins. Co.*, 666 A.2d 695, 697 (Pa.Super. 1995)(statutory arbitration is invoked where the parties sought arbitration pursuant to the insurance policy which stated that "arbitration will take place as provided under the Pennsylvania Uniform Arbitration Acts of 1927 and 1980.")

The Pennsylvania Uniform Arbitration Act provides:

On application of a party, the court shall vacate an award where:

(i)    the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii)   there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

5

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an argument to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S.A § 7314(1)(i-v)

## B. Kevin McNulty, Esquire's representation of Allstate does not constitute a ground to vacate the award

Figueroa alleges the trial court erred in failing to strike the arbitration award because Kevin McNulty, Esquire ("McNulty") represented the tortfeasor, Belmonte, in the underlying action. Figueroa alleges the trial court erred by denying his previously filed "Motion for Disqualification of Counsel" by order dated September 16, 2010.

Figueroa relies on *Maritrans v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277 (Pa. 1992) to support his claim that it was error not to order McNulty's disqualification. Figueroa's reliance on *Maritrans* is misplaced. In *Maritrans*, over the course of a law firm's decade long labor representation of a commercial company, the law firm learned the company's long term objectives, competitive strategies and other sensitive information. After gaining this knowledge, the law firm undertook representation of several of the company's competitors. The Supreme Court of Pennsylvania found that this constituted a breach of the law firm's fiduciary duty to the company. The court established that a) an attorney owes their former or present client a fiduciary duty which prevents the attorney from representing an interest adverse to that client and b) a presumption of misuse of a client's information exists when an attorney violates that duty.

6

Although McNulty never represented Figueroa, Figueroa argues that there is a presumption that McNulty misused Figueroa's confidences he gathered in the underlying action to the advantage of Allstate in this action. This argument is illogical. McNulty represented the tortfeasor in the underlying action whose interests were adverse to Figueroa. In the instant matter, McNulty again is representing a party adverse to Figueroa. McNulty did not obtain any confidences from Figueroa as counsel in the underlying matter since he was the *opposing* counsel. Since Figueroa was never a former of present client of McNulty, the Motion to Disqualify was properly denied and provides no basis for vacatur of the award.

## C. The trial court properly confirmed the arbitration award despite the arbitrators' decision not to enforce Figueroa's subpoenas

Figueroa next claims the court erred by failing to strike the arbitration award due to the arbitrators' refusal to enforce his subpoenas.

The Pennsylvania Uniform Arbitration Act provides:

> General rule.--The arbitrators **may** issue subpoenas in the form prescribed by general rules for the attendance of witnesses and for the production of books, records, documents and other evidence. Subpoenas so issued shall be served and, upon application to the court by a party or by the arbitrators, shall be enforced in the manner provided or prescribed by law for the service and enforcement of subpoenas in a civil action.

42 Pa.C.S.A. § 7309 (emphasis added)

By order dated September 18, 2013, the arbitrators found the discovery of medical records was not authorized under the insurance policy and denied Figueroa's request to enforce subpoenas. That decision is clearly within the discretion of the arbitrators.

7

In fact, counsel for Figueroa acknowledged at the arbitration that he received all the medical records, but was unsure if there were any missing or what they would have shown.

> ARBITRATOR: What did you want the American Independent file for?
>
> MR. TOLAN: To see what they medicals they have, what other information they have with regard to how - - any statements that were taken and things of that nature, because my client, Mr. Figueroa, was a passenger in that vehicle at the time.
>
> MR. DIVIS: Don't you have his medicals?
>
> MR. TOLAN: I eventually got them.
>
> \*       \*       \*
>
> MR. TOLAN: Well, we have all the medical records here.
>
> ARBITRATOR: Then why did you issue a Subpoena to American Independent and Allstate if you have all the medical records, Mr. Tolan?
>
> MR. TOLAN: Because I don't necessarily have them all. I'm missing a couple of them, Dr. Smith, and I was hoping that the other files would have some of that.
>
> [Arbitration Hearing 7/11/14, 11:1-12; 24:2-11]

The only evidentiary ground for vacatur in a statutory arbitration occurs when the arbitrators refuse to hear certain evidence. The arbitrators did not refuse to hear any evidence presented by Figueroa. Figueroa introduced 88 pages of medical records at the arbitration in support of his claim for damages. He has not demonstrated any prejudice or cognizable basis to vacate the award on this ground.

## D. The arbitrator's denial of Figueroa's continuance request is not grounds for vacatur of the arbitration award

This case arises from a motor vehicle accident which occurred on December 6, 2000. The instant matter commenced on November 3, 2006. Allstate petitioned the court on April 29,

8

2009 to appoint a neutral arbitrator so the case could proceed to a UIM hearing. The neutral arbitrator had been attempting to schedule the arbitration since March 2013 and granted Figueroa's counsel's request that he would be able to proceed with the arbitration anytime during the last two weeks of June 2014.[9] The arbitrators again postponed the arbitration hearing to July 21, 2013 pursuant to a continuance request on behalf of Figueroa. The order granting Figueroa's continuance request made it very clear that no more continuances would be granted and that all counsel agreed to try the case to completion on that date. The neutral arbitrator had been trying to schedule the arbitration since March of 2013. Figueroa's counsel consented to the July 21, 2014 arbitration date. Apparently, counsel for Figueroa was unable to locate his client who moved to Puerto Rico.[10] The arbitrators had the authority to deny Figueroa's third scheduling request after eight years of litigation.

### E. Figueroa's remaining alleged errors are frivolous and lack merit

Figueroa alleges the court erred by "entertaining" Allstate's motions because they were "fraudulent" and "baseless". It is axiomatic that court must entertain all motions presented to it. Figueroa, like every litigant, had the ability to seek relief from the court to propel his case forward in an expeditious manner and move to sanction Allstate for dilatory conduct if proven.

Figueroa alleges the court erred by requiring he prove negligence and causation in the arbitration when those issues were already decided in the underlying action. Figueroa provides no evidence that the underlying settlement contained an admission of liability on the part of the tortfeasor Belmonte. The arbitration transcript makes it clear that liability was admitted .

---

[9] Memorandum and Order Re: Plaintiff's Request for Discovery Subpoenae, Docket # 2008-06730 seq. 84.

[10] Counsel for Figueroa indicated at oral argument on May 13, 2015 that he still had been unable to contact his client.

[Arbitration Hearing 7/11/14, 16:24-17:9; 18:7-8] In any event, there was no prejudice to Figueroa because the arbitrators found in favor of Figueroa on both issues and awarded him damages.

Figueroa's allegation that the court erred by permitting Allstate to conduct discovery does not identify any specific order. Thus, the trial court is unable to address this issue.

Figueroa's allegation that the court abused its discretion by appointing inexperienced neutral arbitrators is waived, as there was no objection filed by Figueroa after the appointment of either arbitrator.

Accordingly, the court properly denied Figueroa's Motion to Strike and/or Set Aside Arbitration Award.

BY THE COURT

_____ J.
Richard P. Haaz

Copies sent on 8/14/11 to
Elliott Tolan, Esquire
Kevin R. McNulty, Esquire
Daniel J. Divis, Esquire
Superior Court of Pennsylvania
Court Administration

_____
Secretary

10